**T. J. WEST CO., Limited, v. ROGAN, Collector of Internal Revenue.**

**Civil Action No. 1724–Y.**

District Court, S. D. California, Central Division.

March 11, 1944.

Chapman & Chapman, by John S. Chapman, all of Los Angeles, Cal., for plaintiff.

Charles H. Carr, U. S. Atty., by Edward H. Mitchell, Asst. U. S. Atty., both of Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

Originally, the complaint sought to recover taxes and penalties for several tax years. The parties have adjusted most of their differences, and the only question left for determination is whether the plaintiff is entitled to judgment for the recovery of a penalty paid in the sum of $2528.26 for its failure to file a personal holding company surtax return for the fiscal year ended June 30, 1938.

The Government contends (1) that the taxpayer is not entitled to recover the penalty because it made no claim for its refund, and (2) that, in any event, it is not entitled to recover because the penalty was properly assessed, by reason of the taxpayer's failure to file a personal holding company surtax return.

 The position of the Government, as to the first point, is untenable. The record shows that both in its claims for refund and in its complaint, not only the taxes erroneously assessed, but the penalties as well, were claimed. Indeed, the stipulation of facts sets forth specifically that, at all stages, the taxpayer claimed the refund and

recovery of both the tax and the penalty. See Par. XI of the Stipulation of Facts. The real ground for the Government's contention seems to be that *the reason* assigned for the claim for refund of the penalty is different now from *the reason* assigned in the arguments before the Commissioner. The reason assigned before the Commissioner was that the tax and penalty were illegally assessed, because the plaintiff was not a holding company. The reason assigned *now* is that it was illegally assessed because the return it filed was sufficient to constitute a return as a holding company.

In the last analysis, the taxpayer charged before the Commissioner, *as he charges now,* that the assessment of the penalty was illegal. The factual basis for the contention is the same. While the cases hold [See United States v. Felt & Tarrant Mfg. Co., 1931, 283 U.S. 269, 272, 51 S.Ct. 376, 75 L. Ed. 1025; Milbank v. Duggan, 2 Cir., 1942, 131 F.2d 898, 900; Goodrich Co. v. United States, 9 Cir., 1943, 135 F.2d 456, 461; United States v. Frauenthal et al., 8 Cir., 1943, 138 F.2d 188; and see United States v. Kales, 314 U.S. 186, 62 S.Ct. 214, 86 L. Ed. 132] that the claim made in an action of this character must be the same as the claim which was made before the Commissioner, no case holds that, the factual basis and grounds being the same, different reasons may not be assigned before the court from those assigned before the Commissioner.

I know of no principle of law or equity which would warrant us in penalizing a taxpayer, by depriving him of the right to recover an illegal assessment or penalty, because, although he had placed all the facts before the Commissioner, he drew, in his action, different legal conclusions from these facts. The important matter is that, at no time, did the taxpayer fail to include the penalty in his demand for refund or recovery. At all stages, he insisted upon the same grounds—erroneousness, illegality.

█ But the taxpayer cannot recover because of its failure to file a personal holding company surtax return. The plaintiff had filed a return under Form 1120. At the time of the submission of the case, the Circuit Court of Appeals for the Ninth Circuit in Lane-Wells Co. v. Commissioner, 1943, 134 F.2d 977, had held that where a return filed under Form 1120 contained all the facts necessary from which to compute holding company liability, if any, no penalty could be imposed. The Supreme Court

granted certiorari on October 11, 1943. 64 S.Ct. 41. On February 14, 1944, in Commissioner of Internal Revenue v. Lane-Wells Company and Technicraft Engineering Corporation, 64 S.Ct. 511, the decision of the Circuit Court of Appeals for the Ninth Circuit was reversed. The Court held that the regulations called for two separate returns and that for failure to do so the taxpayer may be declared in default. Granted that, as intimated in the decision, the Commissioner might "lift" the penalty, the taxpayer cannot have this relief here. Assuming that time has not barred such action, it would call for the exercise of a discretion which is not reviewable until after its exercise.

Judgment will, therefore, be for the defendant. Formal findings and judgment to be prepared by counsel for the defendant.