**Merle E. TRACY and Cynthia S. Tracy, Plaintiffs,**

**v.**

**UNITED STATES of America, United States Department of the Treasury, Bureau of Internal Revenue, Defendant.**

**No. 62-1664.**

United States District Court
S. D. California,
Central Division.

Dec. 13, 1963.

Margolis & McTernan, by Ben Margolis, Los Angeles, Cal., for plaintiff.

Francis C. Whelan, U. S. Atty., Walter Weiss, Asst. U. S. Atty., Chief of Tax Division, by Herbert D. Sturman, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

HALL, Chief Judge.

This is a suit for income tax refund in the sum of $321.00 claimed to have been overpaid for the taxable year 1957.

The United States, without answering, filed a motion for summary judgment asserting that this court lacked jurisdiction under 28 U.S.C. § 1346(a) (1), in that under Flora v. United States, (1960) 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623, the court construed the tax laws to require the payment of the full tax for the taxable year before a suit can be brought for refund in the United States District Court for all or any portion of the tax for the taxable year involved.

The United States supported its motion for summary judgment with an affidavit which is uncontested, and hence which must be taken as true, to the effect that for the taxable year 1957 a deficiency assessment was levied against the plaintiffs in the sum of $72,240.72 with interest as provided by law and that such assessment has not been paid.

The plaintiffs attempt to distinguish the Flora case by asserting that the overpayment, for which recovery is sought in the instant suit, is a different transaction than the above-mentioned assessment, even though both concern the income tax of plaintiffs for the same year.

I cannot so read the Flora case. Attention is called to the quotation, with approval, in the Flora case, 362 U.S. page 168, page 642 of 80 S.Ct., 4 L.Ed.2d 623 of Suhr v. United States, 3 Cir., 18 F.2d 81, as follows:

> "None of the various tax acts provide for recourse to the courts by a taxpayer until he has failed to get relief from the proper administrative body or has paid all the taxes assessed against him. The payment of a part does not confer jurisdiction upon the courts * * *. There is no provision for refund to the taxpayer of any excess payment of any installment or part of his tax, if the whole tax for the year has not been paid."

■ It seems to me, not only from the tax statutes, but from the Flora case as well, that Congress intended that all tax questions for any one taxable year should be included in one litigation. Assertion that this could be done herein by compelling the United States to counterclaim, overlooks the holding in the Flora case that the District Court has no jurisdiction for a refund until the whole tax is paid, which admittedly the taxpayer has not done here.

■ In Freeman v. United States (1959), 265 F.2d 66, the Ninth Circuit refers to the first Flora case, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165, decided June 16, 1958, and indicated that nonpayment of the tax was not a jurisdictional defect but rather failure to state the claim for relief within the meaning of Rule 12 F.R.Civ.P. The second Flora case, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed. 2d 623, decided March 21, 1960, specifically holds that pre-payment is a jurisdictional pre-requisite and is controlling over Freeman.

The partial payment of the income tax for the year 1957 cannot be segregated from the issue of the whole tax due for that year, and thus the facts in this case require the application of the rule in the Flora case.

The motion for summary judgment will be granted upon preparation and service of findings, conclusions and judgment in light of this memorandum and the amended complaint.