**Jean MARTINON, Plaintiff,**

v.

**Edward J. FITZGERALD as District Director of Internal Revenue for the District of Manhattan, New York, N. Y., Defendant.**

No. 68 Civ. 4417.

United States District Court
S. D. New York.
Nov. 25, 1968.

Arnold E. Bruno, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, by Grant B. Hering, Asst. U. S. Atty., New York City, for defendant.

MANSFIELD, District Judge.

In this suit pursuant to 28 U.S.C. § 1340 and § 1346 by a taxpayer against the District Director of Internal Revenue for the District of Manhattan, New York, seeking injunctive relief against enforcement of a lien for income tax deficiency for the year 1964 and refund of a portion of income tax collected for that year, plaintiff demands a preliminary injunction restraining defendant from interfering with his contractual rights with certain third parties by enforcement of the tax lien against sums due from them to the plaintiff. Defendant, in turn, moves to dismiss the complaint for failure to state a claim for re-

lief. For the reasons stated in open court and summarized herein, plaintiff's motion is denied and defendant's motion is granted.

Plaintiff asserts that as a citizen and resident of France he periodically visited the United States during the period from 1962 to 1968 for the purpose of performing a contract with Columbia Artists Management, Inc. and others to conduct orchestras, including particularly the Chicago Symphony Orchestra. In January 1965 he wrote a letter to the Treasury Department inquiring whether by reason of provisions of the United States-France Tax Treaty as amended on March 23, 1964, he was not exempt from payment of taxes on income received from his professional activities in the United States. The Chief of the Corporation Tax branch, replying by letter of March 25, 1965, stated that "based solely on the information submitted" if, in fact, plaintiff was a non-resident alien of the United States and did not maintain at any time during the year an office or other fixed place in the United States which would constitute a fixed center, his income received from exercise of his duties as an orchestra conductor would not be subject to Federal income tax.

The March 25, 1965 letter, as it indicates on its face, was sent without any independent verification of the facts. In early 1968, faced with the prospect that if the plaintiff did owe any taxes for the year 1964 a claim therefor might be barred by the statute of limitations after June 15, 1968, defendant sought to obtain from the plaintiff information and records verifying the representations made by the plaintiff with respect to his exempt status, but the plaintiff refused to furnish all of the information requested or voluntarily to extend the statute of limitations. Thereupon, with the plaintiff about to leave the country, defendant made a jeopardy assessment against the plaintiff pursuant to 26 U.S.C. § 6861, which had the effect of holding up payments that would otherwise be made by the third parties to the plaintiff. In addition liens were placed upon the plain-

tiff's checking account in the Northern Trust Bank, Chicago, Illinois, with the result that the plaintiff's balance in that account was paid over to the Treasury Department.

The Government states that although it has been unable to obtain information from plaintiff as to whether he was a United States resident in 1964 or had a fixed center of business here that year, it has, through a great deal of time and effort on the part of auditing agents, obtained information from third parties which leads it to believe that plaintiff is not exempt from income taxes for the year 1964. Furthermore, on October 30, 1968, plaintiff filed a petition in the Tax Court in response to a notice of deficiency sent to plaintiff on July 9, 1968, seeking to litigate plaintiff's 1964 tax liability.

■■ Section 7421(a) of the Internal Revenue Code of 1954 bars a taxpayer from suing to restrain the assessment or collection of any tax unless it is clear that under no circumstances could the Government ultimately prevail, Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), and even in the latter event the plaintiff must show that collection would cause irreparable injury, such as the destruction of the taxpayer's enterprise. Botta v. Scanlon, 314 F.2d 392 (2d Cir. 1963). The purpose of the law is to withdraw from federal courts the jurisdiction to enjoin assessment or collection of federal taxes so that the executive arm of the Government may assess or collect taxes without judicial intervention, thus requiring the taxpayer to resolve the legality of an assessment in the Tax Court or by way of a suit for refund.

■ Plaintiff's contention that the March 25, 1965 letter constituted a "ruling" which precluded the Government from making a lawful assessment disregards the fact that the letter, even if so characterized (and the Government disagrees with such characterization, pointing out that certain requirements for a "ruling" are absent), is conditioned up-

on the existence of certain facts represented by the plaintiff, including his French citizenship and his failure to have a fixed center in the United States. The Government asserts that as a result of independent investigation it has information leading it to believe that some of the information furnished by the taxpayer was inaccurate. Taking into account this statement of the Government, plus the plaintiff's reluctance to furnish information requested by the Internal Revenue Service in early 1968, it cannot be said that the Government will not prevail, or that the assessment may not be found to be a lawful and proper one.

Furthermore, the plaintiff fails entirely to show the inadequacy of his remedy at law, or that he will suffer irreparable injury. The dispute is concerned entirely with recovery of money and the taxpayer has already availed himself of his available legal remedy in the Tax Court of the United States. Section 6863 of the Internal Revenue Code provides that collection of such a jeopardy assessment will be stayed upon the taxpayer's filing of a bond. Thus the second condition precedent to injunctive relief, a showing of inadequacy of a remedy at law, is not met.

Insofar as plaintiff demands money damages and repayment of the sum of $10,151.20 collected by defendant pursuant to the assessment, this Court lacks jurisdiction, the full amount of the assessment in dispute admittedly not having been paid, to entertain the plaintiff's suit for refund of part payment. A federal district court does not have jurisdiction to entertain a taxpayer's suit for refund of part payment made pursuant to an assessment for an alleged deficiency in his income tax. The taxpayer must first pay the full amount of the assessment before he may challenge it under 28 U.S.C. § 1346(a) (1). Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed. 2d 1165, reaffirmed upon reargument, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1959). Here only a portion of the assessment has been paid. Plaintiff's exclusive remedy lies in the Tax Court proceeding which he has already instituted.

Accordingly, plaintiff's motion for injunction relief is denied, and defendant's motion to dismiss the complaint is granted.

So ordered.