**Sol S. SPARER, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Atlantic Services, Inc., Paco Industries, Inc. and Ivan A. Ezrine, Defendants.**

**No. 70 Civ. 664.**

United States District Court,
S. D. New York.

Dec. 30, 1970.

Fred I. Sonnenfeld, New York City, for plaintiff.

Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., for Commissioner of Internal Revenue Service by Brian J. Gallagher, Asst. U. S. Atty., New York City.

MANSFIELD, District Judge.

Plaintiff, the former President of Precision Apparatus, Inc. ("Precision"), brings this suit in an effort to avoid a suit for payment by him of a balance alleged by the Internal Revenue Service to be due on certain assessments made against Precision and certain of its officers, including plaintiff, for withholding taxes. The complaint seeks a judgment against the Commissioner of Internal Revenue declaring the assessment unlawful and restraining its enforcement. Plaintiff asks, in the alternative, that the Commissioner be required to exhaust the Internal Revenue Service's remedies against the other named defendants and to collect the tax from them rather than from plaintiff.

Defendant Atlantic Services, Inc. ("Atlantic") is the successor by merger to Precision. Defendant Paco Industries, Inc. ("Paco") is Atlantic's wholly owned subsidiary and Ivan A. Ezrine was allegedly the controlling stockholder and general counsel of Precision at the time of the assessments. The complaint asks that these three defendants be required to pay the balance of the assessment plus plaintiff's legal fees, costs and disbursements.

Although defendants were served with process in February, 1970, none have answered the complaint, and except for the Government none have obtained extensions of time to answer or move. On September 18, 1970, plaintiff moved pursuant to Rule 55(b) (2) for a default judgment against Atlantic, Paco and Ezrine. Ezrine has filed an affidavit in opposition which also moves that the action be dismissed for lack of jurisdiction. For the reasons stated below plaintiff's motion is denied and Ezrine's motion is granted.

The controversy arises out of the assessment by the Internal Revenue Service of withholding taxes against Precision and certain of its officers, including plaintiff, who was President of Precision during the period from some time in 1964 to the spring of 1966. The assessment was for taxes due during the years 1964, 1965 and 1966, plus interest and penalties, amounting to $32,830.08 as of April 1970. Plaintiff asserts that in March 1970 an agreement was entered into between Ezrine (acting on behalf of plaintiff, Atlantic and Paco) and the Internal Revenue Service, whereby Ezrine agreed to pay the entire assessment in two installments, $10,000 at the time of the agreement dated March 25, 1970, which is attached to plaintiff's moving papers, and $22,830.08 on April 6, 1970. Plaintiff further asserts that "defendant Ezrine has agreed to act as attorney for deponent with respect to the tax assessment and specifically represented that your deponent did not have to pay such taxes inasmuch as he would see that same would be paid" (Aff. Sol S. Sparer, Sept. 17, 1970). Indeed, the Ezrine-Internal Revenue Service settlement agreement of March 25, 1970, states:

"It is my understanding that ninety days from the date of payment of the aggregate sum of $32,830.08 as set forth representing the 100% penalty assessments with statutory additions, all levies and liens issued against Mr. Sol Sparer, Harry W. Brassen and myself personally, for the aforementioned liabilities will be released.

Very truly yours,

[Signature]

IVAN A. EZRINE"

It appears that Ezrine paid a total of $20,000 pursuant to the March 25, 1970 agreement but has failed to pay the balance of $12,830.08 due.

Ordinarily the mere filing of an affidavit by Ezrine, who has been many months in default in answering the complaint, and the complete failure of Atlantic and Paco to answer or otherwise move with respect to the complaint, would call for entry of a default judgment against them, assuming that we had jurisdiction over the subject matter of the suit. In this case, however, Ezrine's opposing affidavit moves for dismissal for lack of jurisdiction and, of course, if we do not have jurisdiction over the subject matter, we would not only have the power but the duty *sua sponte* to deny plaintiff's motion and to dismiss the complaint, since subject matter jurisdiction can be raised at any time. Rule 12(h) (3), F.R.Civ.P.

After reviewing the complaint and plaintiff's papers in support of his motion for a default judgment, we fail to find any basis for our assumption of subject matter jurisdiction. Plaintiff purports to invoke our jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), § 1340 (civil actions arising under an act of Congress providing for internal revenue) and § 1346 (suits for recovery of taxes alleged to have been erroneous or illegally assessed or collected). These statutes, however, must be read with 26 U.S.C. § 7421(a), which flatly prohibits a taxpayer from suing to restrain the assessment or collection of any tax.

Plaintiff contends that the bar imposed by § 7421(a) has been overcome by Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932), and by the Fifth Circuit's decision following it in Enochs v. Williams Packing & Navigation Co., 291 F.

2d 402 (5th Cir. 1961). What plaintiff fails to point out, however, is that *Enochs* was reversed by the Supreme Court in a decision which also clarified its own earlier decision in *Miller*. See Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L. Ed.2d 292 (1962). As a result, the law is now clear that a taxpayer's suit to avoid and restrain collection of a tax will be entertained only where (1) the Government could under no circumstances prevail, *and* (2) the collection of the tax would cause plaintiff irreparable injury.

> "The purpose of the law is to withdraw from federal courts the jurisdiction to enjoin assessment or collection of federal taxes so that the executive arm of the Government may assess or collect taxes without judicial intervention, thus requiring the taxpayer to resolve the legality of an assessment in the Tax Court or by way of a suit for refund." (Martinon v. Fitzgerald, 306 F.Supp. 922 (S.D.N.Y.1968), affd. per curiam, 418 F.2d 1336 (2d Cir. 1969))

Plaintiff's papers reveal that it cannot meet these requirements established by *Enochs*. The complaint (¶20) alleges that Atlantic, as successor to Precision, was liable for the payment and collection of the withholding taxes. Although plaintiff also alleges that he did not supervise Precision's collection and payment of taxes (Compl. ¶13), he concedes that he was the *President* of Precision during the period from 1964 to the spring of 1966 when payment of a substantial part of the taxes was due. Despite plaintiff's allegations that his "title" of President and "other capacities" did not make him a corporate officer responsible for the taxes along with the corporation itself, it must be recognized that the president of a corporation is usually considered to be a "person" responsible for payment of such taxes under the Internal Revenue laws. See

26 U.S.C. § 6671; White v. United States, 372 F.2d 513, 178 Ct.Cl. 765 (1967); Datlof v. United States, 252 F. Supp. 11 (D.C.Pa.1966), affd., 370 F.2d 655 (3d Cir. 1966). At most plaintiff presents an issue of fact, therefore, and not an open-and-shut case of non-liability, which, under *Enochs*, is an essential prerequisite to his institution of this suit.

Secondly, the complaint fails to allege or show irreparable injury. The closest it comes in this respect is an allegation (¶40) to the effect that plaintiff's credit is jeopardized and that the Internal Revenue Service is threatening to embarass plaintiff with his present employer. This is wholly insufficient. The most that would happen is that the Government might seek to levy or sue for the balance of $12,830.08. In the event of a suit plaintiff would undoubtedly assert a cross-claim or third-party claim against Atlantic and Ezrine.

No other basis for our assumption of jurisdiction is alleged or shown. Plaintiff and Ezrine are both citizens of New York, which prevents plaintiff's invoking diversity jurisdiction. His suit against defendants other than the Commissioner must stand or fall on the same jurisdictional basis.

It may be that in a state court proceeding plaintiff could allege and show a breach of a third-party beneficiary agreement entitling him to the relief sought in this case. As far as we are concerned, however, we lack subject matter jurisdiction for the reason that 26 U.S.C. § 7421(a) bars this suit and plaintiff has failed to allege or show the two essential conditions established by the Supreme Court in *Enochs* as a basis for escaping the statutory bar.

Plaintiff's motion is denied. Defendant Ezrine's motion to dismiss the complaint for lack of jurisiction is granted.

It is so ordered.