**1106**

George D. HARTMAN, Jr., Plaintiff,

v.

William H. THOMPKINS, Acting District Director of Internal Revenue, St. Louis, Missouri, Defendant.

No. 72 C 636(4).

United States District Court, E. D. Missouri, E. D.

Feb. 5, 1973.

Anthony J. Sestric, Sestric, Sestric, Sweet & McGhee, St. Louis, Mo., for plaintiff.

Daniel Bartlett, Jr., U. S. Atty., David W. Harlan, Asst. U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

WANGELIN, District Judge.

This action is before the Court upon the motion of the defendant, the Acting Director of the Internal Revenue Service (hereinafter "IRS"), to dismiss for lack of subject matter jurisdiction.

Plaintiff seeks to restrain defendant from collecting an assessment of a 100% penalty in the amount of $31,125.45 pursuant to 26 U.S.C. § 6672 for the failure of the Archway Erection Company (hereinafter "Archway") to pay certain withheld unemployment taxes. Plaintiff has alleged that he has exhausted his administrative remedies; that he has been notified of the assessment; that upon Archway's incorporation he became its president, although serving in name only; that the responsibility for paying the corporate taxes belonged to one J. I. Tipton, majority stockholder and managing officer of Archway; that plaintiff never kept Archway's books; that its accounting was performed by an independent auditing firm which at various times reported to plaintiff that accrued taxes were being paid; that plaintiff co-signed with Tipton a check for $20,917.34 payable to the IRS which check has remained in the possession of Tipton and has not been forwarded to defendant; and that plaintiff does not have the means to pay the assessment.

Defendant invokes 26 U.S.C. § 7421(a) as a jurisdictional bar to this action. This subsection states

Tax.—except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the per-

son against whom such tax was assessed.

This subsection is relevant to the instant action. Kelly v. Lethert, 362 F.2d 629, 633 (8th Cir. 1966). It is inapplicable as a jurisdictional bar "if it is clear that under no circumstances could the Government ultimately prevail . . . ." Enochs v. Williams Packing & Navigation Co. Inc., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292, (1961). This question

> is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. *Ibid.*

In deciding this motion to dismiss the Court has before it only the material allegations of the complaint. *E. g.* Transport Manufacturing & Equipment Company of Delaware v. Trainor, 382 F.2d 793, 795 (8th Cir. 1967). In the instant complaint plaintiff alleges that even though he was the president of Archway, even though he co-signed checks payable to the IRS, and even though he received auditing reports on tax matters, the responsibility for paying the taxes lay elsewhere and he never actually managed the corporate affairs of Archway. With these allegations he hopes to show that he was not "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by [title 26] . . . ." 26 U.S.C. § 6672.

Under similar allegations as these the Court in Sparer v. Commissioner of Internal Revenue Service, 321 F.Supp. 497, 499 (S.D.N.Y.1970), ruled that plaintiff had not presented the "open-and-shut case of non-liability" required by *Enochs*. This Court likewise concludes that plaintiff's allegations do not show that, "under the most liberal view of the law and the facts, the United States cannot establish its claim." *Enochs, supra.*

Plaintiff, by his brief, concedes that the deficiency assessment is presumptively correct but claims the right to prove the unlawfulness of the assessment. While plaintiff may ultimately prevail in his defense against the assessment, under the facts pleaded by him it is not apparent that the Government has no case. Section 7421 is meant to bar litigation of less apparent defenses in advance of collection. *Enochs, supra; e. g.,* Rosenbaum v. United States, 346 F.Supp. 872, 873 (D.Md.1972) ; and *e. g.,* Johnson v. Coppinger, 320 F.Supp. 716, 717 (N.D.Ala.1971).

Therefore, by reason of section 7421 this action must be dismissed for lack of subject matter jurisdiction; it is unnecessary to determine whether a basis for exercising equity powers of the Court otherwise exists.