Michael MAGNONE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Joseph V. MAGNONE and Rose
Magnone, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Nos. 89 Civ. 1837 (MBM), 89 Civ.
1838 (MBM).

United States District Court,
S.D. New York.

Oct. 19, 1989.

H.J. Gartlan, Jr., Ellis & Gartlan, Hackensack, N.J., for plaintiffs.

Jed Rubenfeld, Asst. U.S. Atty., S.D. N.Y., New York City, for defendant.

AMENDED OPINION AND ORDER

MUKASEY, District Judge.

Plaintiffs Michael Magnone and Joseph and Rose Magnone sue under 26 U.S.C. § 7422 to recover sums paid to the Internal Revenue Service, which plaintiffs characterize as the amount of interest that accrued during 1979 on their 1974, 1975 and 1976 tax deficiencies. Although plaintiffs do not cite in their complaints the code section under which they seek relief, they state in their memorandum that they are suing under 26 U.S.C. § 6404(e) for abatement of interest attributable to errors and delays by the IRS.

Congress has provided taxpayers with an opportunity, under § 6404, to sue for an abatement of interest that has been assessed on certain deficiencies. This interest must be attributable solely to errors or delays by IRS employees while performing "ministerial acts." 26 U.S.C. § 6404(e)(1). Congress has permitted such suits, however, only for "interest accruing with respect to deficiencies or payments for taxable years beginning after December 31, 1978." Pub.L. 99–514, § 1563(b)(1), 100 Stat. 2085, 2762 (1986).

■ Furthermore, a taxpayer wishing to sue in district court for a refund must have paid the full assessment in question before bringing suit. *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on reh'g,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). The taxpayer also must have filed the same claim with the IRS, 26 U.S.C. § 7422(a), and may file a refund suit in district court only if the IRS has rejected the administrative claim or disregarded it for over six months. 26 U.S.C. § 6532(a)(1).

The taxpayers in this case argue that they should be allowed to sue in district court because they paid all the interest that accrued in 1979 for deficiencies in tax years 1974 through 1976. They assert that their payment of a sum equivalent to one year of interest allows them to sue for a refund under the *Flora* pre-payment rule and 26 U.S.C. § 7422. They assert also that this payment satisfies the § 6404 provision limiting refund suits for interest to deficiencies for taxable years beginning after December 31, 1978. Pub.L. 99–514, § 1563(b), 100 Stat. 2085, 2762 (1986).

The government moves to dismiss the complaints under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), alleging that plaintiffs have failed to satisfy the jurisdictional requirements for bringing a tax refund claim in district court, and have failed also to state a claim under the tax code in that § 6404 does not permit this action.

Because plaintiffs have not satisfied the pre-payment rule, and because their claims in this court are completely different from their administrative claims, this court lacks jurisdiction over this case. Furthermore, because plaintiffs' claims also are barred by the time limitation Congress has placed on § 6404, plaintiffs fail to state a claim upon which relief can be granted. Accordingly, defendant's motion under Fed.R. Civ.P. 12(b)(1) and 12(b)(6) must be granted and the complaints dismissed.

I.

In 1978, the IRS informed plaintiffs that it would audit plaintiffs' tax returns for the tax years 1974, 1975 and 1976. In November, 1986, the IRS notified plaintiffs that their payments for the years in question were deficient.[1] Thereafter, plaintiffs paid the deficiencies assessed for those years, but not the interest which had accrued from 1974 through 1986. Instead, they filed a claim with the IRS in October, 1987 for abatement of the interest from 1974 to 1986, asserting without explanation that such interest was "suspended pursuant to § 6601(c)."[2]

In February, 1989, plaintiffs paid the IRS an amount they describe as "the interest allegedly due for tax year ended December 31, 1979." (Complaint, ¶ 14) In March, 1989, they filed an action in this court for a refund of the interest, alleging that the IRS's rejection of their claims was "illegal, improper, erroneous and an abuse of discretion," (Complaint, ¶ 15), and that the IRS's delay in the issuance of the deficiency notice was "grossly unfair." (Complaint, ¶ 17).

---

1. The amounts assessed against the two sets of plaintiffs were: $37,640 (1975) and $42,964 (1976) for Michael Magnone; $75,974 (1974), $70,678 (1975) and $120,932 (1976) for Joseph and Rose Magnone. These amounts do not include interest.

2. It is unclear how section 6601(c) relates to this case. Section 6601(c) requires "suspension" of interest in cases where requirements such as the filing of a "waiver of restrictions under section 6213(d)" and the failure of the IRS to issue a notice of deficiency within 30 days have been met. The plaintiffs, in their claim before the IRS, did not explain how their case conforms to § 6601.

## II.

Congress provided for district court jurisdiction over tax refund suits in 28 U.S.C. § 1346(a)(1), and set forth in 26 U.S.C. § 7422 the requirements for bringing such suits. These requirements have been further refined through regulations and case law. *See* 15 Mertens Law of Fed. Income Taxation § 58A.06 (1989). The two main jurisdictional limitations at issue in this case are the full payment rule, which hinges jurisdiction on plaintiffs' full payment of all amounts assessed against them, and the prior claim rule, which grants jurisdiction only when plaintiffs have filed a proper administrative claim with the IRS, and limits jurisdiction to those issues which were asserted in that administrative claim.

### A) *The Full Payment Rule*

Under 28 U.S.C. § 1346(a)(1), district courts have original jurisdiction over any "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." The Supreme Court in *Flora* interpreted this provision to require full payment of all deficiencies in suit as a condition for district court jurisdiction over a refund claim. *Flora*, 362 U.S. at 177, 80 S.Ct. at 647. The Court recognized the hardship this requirement might impose on litigants, but asserted that litigants could avoid the prepayment rule by bringing their claims in Tax Court. *Flora*, 362 U.S. at 175, 80 S.Ct. at 645.

Since *Flora*, federal courts consistently have interpreted the pre-payment rule as necessitating complete payment, and thus

have prevented partial payments from conferring jurisdiction on district courts.[3] *See Cataldo v. United States*, 73–1 U.S.T.C. ¶ 9325 (S.D.N.Y.1971), *aff'd*, 456 F.2d 1335 (2d Cir.1972); *Amundson v. United States*, 279 F.Supp. 779 (S.D.N.Y.1967); *Martinon v. Fitzgerald*, 306 F.Supp. 922, 925 (S.D.N.Y.1968), *aff'd per curiam*, 418 F.2d 1336 (2d Cir.1969); *Frise v. United States*, 5 Cl.Ct. 488 (1984); *Tracy v. United States*, 226 F.Supp. 708 (S.D.Cal.1963). As Judge Mansfield wrote in *Martinon*, "a federal district court does not have jurisdiction to entertain a taxpayer's suit for refund of part payment made pursuant to an assessment for an alleged deficiency in his income tax. The taxpayer must first pay the full amount of the assessment before he may challenge it under 28 U.S.C. § 1346(a)." *Martinon*, 306 F.Supp. at 925.

Plaintiffs here contend that payment of an amount allegedly equivalent to the interest—calculated solely for the year 1979—on their deficiencies from tax years 1974, 1975 and 1976 satisfies the full payment rule although this interest arises from deficiencies in previous tax years, and despite their failure to pay all the interest on such deficiencies.[4] They argue that "as regards 1979, there are no outstanding taxes, penalties or interest for that particular calendar year ... which have not been paid ... It is for that 1979 year, and that year only, that plaintiffs seek relief by virtue of this action." (Pl. Mem. at 5–6) Plaintiffs further allege that because interest is assessable on an "annual" basis, and is computed at an "annual" rate, interest assessable for a single year may be the subject of a refund action even when the interest has been calculated based on deficiencies from previous years. (Pl. Mem. at 6) Plaintiffs argue that interest on the assessments for

---

**3.** The only exception to this prohibition against partial payments relates to divisible tax assessments, such as deficiencies in an employer's withholdings, which are not at issue in this case. *See Boynton v. United States*, 566 F.2d 50 (9th Cir.1977); *Steele v. United States*, 280 F.2d 89 (8th Cir.1960). *See also* 15 Mertens Law of Fed. Income Taxation § 58A.07 at 32.

**4.** Apparently, plaintiffs' decision to pay the interest accrued on all deficiencies during 1979, as opposed to the interest on the 1974, 1975 or 1976 deficiency that has accrued during the years 1974 to 1986 stems from their interpretation of the provision limiting interest abatement claims under § 6404(e) to deficiencies "for taxable years beginning after December 31, 1978." Pub.L. 99–514, § 1563(b), 100 Stat. 2085, 2762 (1986).

1974, 1975 and 1976 that has been separated from these assessments and computed for one isolated year constitutes "full payment."

Indeed, a taxpayer who owes back taxes for several years may pay interest on and sue with respect to only one of them. *See Green v. United States*, 618 F.2d 122, 220 Ct.Cl. 712, 713 (1979), 79–2 U.S.T.C. ¶ 944 [5]. However, the interest payment for a single tax year may constitute full payment only if it includes all interest relating to the year for which the deficiency has been assessed, but not if it is simply one year's worth of interest on a past deficiency. In other words, if plaintiffs wish to sue for a refund of interest for the year 1976, they could pay all interest that has accrued on their 1976 deficiency from 1976 until the time they paid the assessment, and then sue to recover this sum.

This is the only sensible interpretation of the full payment rule, because the same issues that arise in this suit for a refund of interest that accrued during 1979 would arise in a claim encompassing interest that accrued during all other years since the deficiencies. All claims therefore should be brought at the same time, after full payment has been made, as "Congress intended that all tax questions for any one taxable year should be included in one litigation." *Tracy*, 226 F.Supp. at 709. Nor should a taxpayer be allowed to litigate what looks like a small claim and then, if successful, gain collateral estoppel advantage as to a much larger claim.

This interpretation accords also with the policy underlying the *Flora* decision; in fact, plaintiffs' argument here is quite similar to petitioner's argument in *Flora*, which the Supreme Court specifically rejected. In *Flora*, the IRS levied a deficiency assessment of $28,908.60, including interest, against petitioner. Petitioner paid $5,058.54, filed a claim for that amount with the IRS, and when that claim was rejected, sued for a refund in district court. *Flora*, 362 U.S. at 147, 80 S.Ct. at 631.

The Court, after examining 26 U.S.C. § 1346 and a plethora of tax cases, concluded that the jurisdictional requirement of full—and not partial—payment of all sums is a fundamental assumption of our taxation system. This interpretation finds support in the existence of a two-part system for litigating claims: the Tax Court, where pre-payment is not required, and district court, where it is. "The result is a system in which there is one tribunal for pre-payment litigation and another for post-payment litigation, with *no room contemplated for a hybrid of the type proposed by petitioner*." *Flora*, 362 U.S. at 163, 80 S.Ct. at 640 (emphasis added).

 If plaintiffs wish to contest the interest on one year's deficiency in this court, they must pay all the interest that has accrued on that year's deficiency. Because they have not done so, they have not satisfied the full payment rule, and the court lacks jurisdiction over this case.

B) *The Prior Claim Rule*

Even if the *Flora* doctrine did not preclude plaintiffs from litigating their claim here, plaintiffs' failure to meet statutory and regulatory requirements for gaining access to this court mandates dismissal. Section 7422 of Title 26 sets forth the following prerequisite for bringing a refund suit in federal court:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a *claim for refund or credit has been duly filed with the Secretary*, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (emphasis added).

Plaintiffs here filed a claim with the IRS, and then waited six months without receiv-

---

**5.** Even in *Green*, which plaintiffs cite to support their interpretation, the Court of Claims dismissed the case for lack of subject matter jurisdiction because plaintiff did not pay the full tax liability assessed by the IRS for a specific tax year. *Green*, 618 F.2d 122, 220 Ct.Cl. at 713.

ing an answer before filing in district court, as is required by 26 U.S.C. § 6532(a)(1). The government argues, however, that plaintiffs have not complied with § 7422 because: (1) plaintiffs paid the alleged interest only *after* filing the administrative claim with the IRS; and (2) plaintiffs base their claim here on completely different grounds from those asserted in their administrative claim. Plaintiffs argue that: (1) it was not necessary for them to have paid the alleged interest before filing their administrative claim, so long as they paid it before filing suit in district court; and (2) since the IRS understood the gist of their claim, the variance between the grounds for their administrative claim and for the current suit should not prevent them from going forward with this suit.

It is not necessary to reach defendant's first argument, which rests on a literal interpretation of § 7422.[6] Even if plaintiffs' claims with the IRS may be considered "refund claims," plaintiffs still failed to meet the jurisdictional requirements for bringing a refund suit in this court, because of the extreme variance between the administrative and district court claims.

Treasury Regulation § 301.6402–2(b)(1) provides, in part, that a taxpayer's administrative claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." This regulation requires taxpayers to communicate sufficiently the basis of their claims, so that the IRS can conduct a sufficient investigation and avoid surprise later on. It thus precludes taxpayers from raising any additional grounds in district court that were not raised first in the administrative claim. *Mallette Bros. Construction Co. v. United States*, 695 F.2d 145, 155 (5th Cir.1983), *cert. denied*, 464 U.S. 935, 104 S.Ct. 341, 78 L.Ed.2d 309 (1983); *Pearson*

*v. C.I.R.*, 443 F.Supp. 878, 880 (E.D.N.Y. 1978).

The Court of Claims explained the policy underlying this "variance doctrine" when it wrote that "a ground for refund neither specifically raised by, nor comprised within the general language of, a timely formal or informal application for refund to the Internal Revenue Service cannot be considered by a court in which a suit for refund is subsequently initiated ... [this rule] is designed both to prevent surprise and to give adequate notice to the Service of the nature of the claim and the specific facts upon which it is predicated, thereby permitting an administrative investigation and determination." *Union Pacific Railroad Co. v. United States*, 389 F.2d 437, 442, 182 Ct.Cl. 103 (1968), *reh'g on other grounds*, 401 F.2d 778, 185 Ct.Cl. 393, *cert. denied*, 395 U.S. 944, 89 S.Ct. 2017, 23 L.Ed.2d 462, *reh'g denied*, 194 Ct.Cl. 1021, *cert. denied*, 403 U.S. 931, 91 S.Ct. 2254, 29 L.Ed.2d 710. *See United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025 (1931); *Real Estate–Land Title & Trust Co. v. United States*, 309 U.S. 13, 18, 60 S.Ct. 371, 373, 84 L.Ed. 542 (1940); *Campagna v. U.S.*, 290 F.2d 682, 685 (2d Cir.1961); *Stoller v. U.S.*, 444 F.2d 1391, 1393 (5th Cir.1971).

In the case at bar, plaintiffs' original claims filed with the IRS stated merely that:

> "interest on a deficiency of individual income tax for the tax periods ending December 31, 1974 through October 31, 1986 was suspended pursuant to Section 6601(c) of the Internal Revenue Code. This is a claim for credit, refund or abatement of the interest collected or assessed for the period the suspension was in effect." (Complaint, Exh. A)

---

**6.** The timing of plaintiffs' payments to the IRS allegedly is important because § 7422 allows for a refund suit in district court only if "a claim for refund or credit" already has been filed with the IRS. Here, one could argue that since plaintiffs had not yet paid the interest before filing their claim with the IRS, their claim was not a refund or credit claim regardless of what they

called it on the IRS form, and they therefore did not satisfy the requirements of § 7422. Some courts have followed this literal interpretation of the statute. *Newman v. United States*, 64–1 U.S.T.C. ¶ 9359 (E.D.N.Y.1964); *Brielman v. United States*, 74–2 U.S.T.C. ¶ 9668 (D.C.Mass. 1974).

Plaintiffs now assert that by indicating the years involved and the type of "refund" requested (although they had not yet paid the alleged interest), they gave the IRS notice of their claim under the "informal claims" doctrine and therefore should not be precluded from bringing this suit. They further argue that their filing of the original refund claim under the wrong revenue procedure should not affect jurisdiction, since such a refund claim need not be technically perfect in order to serve as a basis for suit.

"Technical perfection" may not be necessary to inform the IRS sufficiently of a refund claim; in fact, courts occasionally have stated that not all variations between the IRS claim and the civil complaint are fatal to recovery. *West v. Rogan*, 54 F.Supp. 460, 461 (S.D.Cal.1944). The same courts, however, also have emphasized the rule that "the claim made in an action of this character must be the same as the claim which was made before the Commissioner." *West*, 54 F.Supp. at 461. *See also Stoller*, 444 F.2d at 1393; 15 Mertens Law of Fed. Income Taxation § 58A.06 at 28.

The informal claims doctrine allows certain less formal written claims to constitute notice within the statute of limitations if the claims sufficiently communicate the nature of the refund being sought. It thus prevents such claims from being barred by the statute of limitations when their formal counterparts are filed late. *See United States v. Kales*, 314 U.S. 186, 197, 62 S.Ct. 214, 219, 86 L.Ed. 132 (1941); *American Radiator and Standard Sanitary Corp. v. United States*, 318 F.2d 915, 920, 162 Ct.Cl. 106 (1963); *Wall Industries, Inc. v. United States*, 10 Cl.Ct. 82, 97–100 (1986). Even assuming, arguendo, that that doctrine applies to this case, the claim—even if infor-mal—still must sufficiently apprise the IRS of enough facts and legal theories to prevent surprise in the later civil suit.[7] "It is not enough that the Service have in its possession information from which it might deduce that the taxpayer is entitled to, or might desire, a refund." *American Radiator*, 318 F.2d at 920.

Plaintiffs relied before the IRS on completely different grounds from the ones they rely on in this action, and requested a different kind of relief. Their administrative claims cited § 6601(c) as the basis for recovery, while their complaints attempt to state a claim under 26 U.S.C. § 6404(e). Section 6601(c) provides for a suspension of interest on deficiencies when certain procedural requirements have been satisfied, while § 6404(e) provides for abatement of interest when the deficiency or payment is attributable to an IRS employee's error or delay. Furthermore, plaintiffs' IRS claims asked for a "credit, refund or abatement" of the entire interest assessed for tax years 1974 through 1986, while their civil suit requests a refund of the interest on deficiencies in those years that accrued only during 1979. The terseness of their administrative claim does not provide sufficient information to prevent the IRS from undue surprise later on.[8] The extreme variance between the administrative claim and complaint in almost all respects, except for the word "interest," prevents plaintiffs from satisfying the prior claim rule.

Plaintiffs have neither fully paid all deficiencies, as mandated by *Flora*, nor stated a proper claim with the IRS, as mandated by Treas.Reg. § 301.6402–2(b)(1). Their attempt to circumvent the time limitations on § 6404, the substantive basis for their suit,

---

7. According to Mertens Law of Federal Income Taxation, the IRS itself may waive formal requirements for actually filing a claim. Further, "an action for refund or credit will not fail where the taxpayer relies on a wrong statutory provision, so long as the complaint or petition states sufficient facts upon which relief may be granted. *However, the taxpayer must state the same grounds in his claim for refund filed with the Commissioner and in his petition for refund filed in the courts.*" 15 Mertens Law of Fed. Income Taxation § 58A.06 at 28.

8. Plaintiffs claim that an IRS letter to Senator Alfonse D'Amato regarding the Magnone case illustrates that the IRS was "clearly on notice of the plaintiffs' claims." (Pl. Mem. at 9) This letter, however, merely suggests revenue procedures which plaintiffs could use to appeal their interest assessments, and nowhere indicates that the IRS knew the plaintiffs would be seeking a refund or basing their claim on 26 U.S.C. § 6404.

has taken plaintiffs outside the plain meaning of the jurisdictional statutes and regulations. This court therefore cannot assert jurisdiction over plaintiffs' suit and must dismiss the complaint pursuant to Fed.R. Civ.P. 12(b)(1).

### III.

■ Plaintiffs also fail to state a claim under 26 U.S.C. § 6404(e). Congress specifically provided in the 1986 Act that § 6404(e) applies only to: "interest accruing with respect to deficiencies or payments for taxable years beginning after December 31, 1978." Pub.L. 99–514, § 1563(b)(1), 100 Stat. 2085, 2762 (1986). The statute does not state that § 6404 applies to all interest accruing after December 31, 1978. If Congress had wanted this provision to apply to all interest accruing after a certain date, it knew how to write such a provision, as it did with respect to 26 U.S.C. § 6601(c) in the very next section of the 1986 Act. The clause establishing the effective date for the amendment to § 6601(c) states: "The amendment made by subsection (a) shall apply to interest accruing after December 31, 1982." Pub.L. No. 99–514, § 1564(b), 100 Stat. 2085, 2763 (1986).

Congress wrote § 6404(e) specifically to apply only to interest accruing on deficiencies for tax years after 1978. Here, the challenged interest accrued with respect to deficiencies and payments for the years 1974, 1975 and 1976, which are clearly earlier than December 31, 1978. Consequently, plaintiffs cannot sue for those years under § 6404(e).

\*　　\*　　\*

For the above reasons, this court lacks subject matter jurisdiction over plaintiffs' claims, and plaintiffs fail to state claims for relief. The complaints in these cases must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

SO ORDERED.