On June 22, 1979 the court entered the following order:
Before Nichols, Judge, Presiding, Bennett and Smith, Judges.
This pro se income tax case comes before the court on defendant’s motion to dismiss the petition for want of jurisdiction. Plaintiff has filed no response to the motion. We conclude that we lack subject-matter jurisdiction over plaintiffs claims and grant defendant’s motion.
Plaintiffs husband died in November 1971. In filing her income tax return for 1971 she elected to file as a surviving widow with one dependent child. Plaintiff claimed an overpayment of $847; records of the Internal Revenue Service indicate that this amount was refunded to plaintiff on April 10, 1972. In 1973 the Service audited plaintiffs 1971 return. Two notices of the audit were sent to the address stated on plaintiffs 1971 return but were returned undelivered. It appears that plaintiff was incarcerated *713 during this period and did not receive any mail sent to her by the Service.
On completion of the audit, the Service disallowed all of the itemized deductions claimed by plaintiff on her 1971 return. On November 6, 1973, the District Director issued a notice of deficiency to plaintiff in the amount of $815. The notice was returned to the District Director undelivered. On April 8, 1974, the District Director assessed the $815 tax deficiency plus $96.94 of interest. Subsequently, plaintiff was assessed an additional $6 for collection costs and fees. Overpayments by plaintiff for the tax years 1976 and 1977 have been credited against the 1971 assessment by the Service. There remains an unpaid balance of $101.81.
In 1977 plaintiff filed an amended return for 1971. She sought to change her filing status to married filing jointly, and to claim a personal exemption for her deceased husband. She computed her tax using the standard deduction and claimed an overpayment of $160. In March 1978 the Service disallowed the claim for refund.
We interpret plaintiffs petition as raising two claims— one for the 1971 tax year and the other for the 1976 tax year. This court lacks subject-matter jurisdiction over both claims. In regard to the 1971 tax year plaintiff has not paid the full amount of the income tax liability assessed by the Service. Full payment of the tax liability for any given year is a jurisdictional prerequisite to maintaining a tax refund action. Flora v. United States, 362 U.S. 145, rehearing denied, 362 U.S. 972 (1960).
In regard to the 1976 tax year plaintiff has not filed a claim for refund as required by the statute. I.R.C. § 7422(a). It also appears that the Secretary was acting within his statutory authority, I.R.C. § 6402(a), when he credited plaintiffs 1976 tax overpayment against her tax liability for 1971. Thus, even if the taxpayer had filed a claim for refund, it is unlikely that she would succeed on her claim for the 1976 tax year.
If the plaintiff wishes to pursue her claim for the 1971 tax year she should pay the remainder of the amount of the 1971 assessment and file with the Service a timely claim for refund, explaining all the reasons she believes she should receive a refund for that year. Fulfillment of these conditions is necessary before we can hear and decide her case.
*714 it is therefore ordered, upon consideration of the submissions of the parties, but without oral argument, that defendant’s motion to dismiss the petition is granted, and the petition is dismissed.