per curiam: This pro se taxpayer sues for a refund of taxes he paid pursuant to a March 7, 1976 installment agreement settling his tax liabilities for 1976. The government denies our jurisdiction, asserting that taxpayer has not satisfied the procedural prerequisites to a refund suit because he has not yet paid all of the installments. Plaintiff has not responded to defendant’s motion to dismiss. We conclude that, as of now, we lack jurisdiction to hear the claim and must grant the government’s motion to dismiss.
In Flora v. United States, 362 U.S. 145 (1960), the Supreme Court, after careful consideration and reconsideration, interpreted 28 U.S.C. § 1346(a)(1) as requiring a taxpayer to pay fully the taxes assessed for a given year before a federal district court may entertain a refund suit. We have found the rationale and holding of that decision equally applicable to suits here. Green v. United States, 220 Ct. Cl. 712, 713 (1979); Tonasket v. United States, 218 Ct. Cl. 709, 711-12 (1978). As defendant notes, the three exceptions to this rule are plainly inapplicable to the present case.* Even were we not bound by our prior decisions, we would see no reason to carve an additional exception for cases like this in which the taxpayer has paid some of the installments under an agreed schedule or plan. Such a decision could discourage the IRS from making such installment agreements because a taxpayer could later use the agreement to circumvent the Flora rule.
Plaintiff seems to have some complaints about the internal IRS dispute resolution process. This court, however, is not the proper tribunal in which to resolve such challenges to the rules governing the IRS appeals procedure, at least in the absence of a refund claim that all relevant taxes have been paid. Plaintiff makes specific request for monetary relief, but does not contend that he has fully paid the taxes. Until he does so, we cannot hear *964 his claim for a refund. Accordingly, defendant’s motion to dismiss is granted and the petition is dismissed, it is so
ORDERED.

 The exemptions are for suits involving (1) 100% penalties; (2) employment taxes; and (3) excise taxes on single events.