**Paul L. FRISE**

v.

**The UNITED STATES.**

**No. 673–83T.**

United States Claims Court.

July 11, 1984.

Paul L. Frise, pro se.

Robert W. Metzler, Washington, D.C., with whom was Asst. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## OPINION

LYDON, Judge.

Defendant has filed a motion to dismiss the complaint in this tax case on the ground the court lacks jurisdiction over said action. The ground for defendant's motion is the assertion that plaintiff did not pay the full amount of his tax liability for the 1976 taxable year, which taxable year is the subject of plaintiff's tax suit, prior to commencement of the action now under consideration.[1] Plaintiff, proceeding *pro se*, has responded to defendant's motion in a one paragraph request that defendant's motion to dismiss be stricken "on ground

that the Plaintiff did file the necessary Individual tax returns for the years in question, also filed amended tax return per I.R.S. Agent instruction to offset the taxes owed, therefore the Plaintiff pray for the abatement of tax liability for the year 1976 be granted."

In his complaint, filed on November 8, 1983, plaintiff seeks a determination that for the taxable year ending December 31, 1976, there should be a decrease in the income tax he owes for that year of $6,119. Plaintiff contends that he had prepared an amended 1976 tax return which shows a net operating loss carryback from 1978 which resulted in a decrease of $6,119 in his 1976 taxes. Plaintiff claims he prepared this amended return on the advice he received from inquiries he directed to the Fresno, California office of the Internal Revenue Service. There is no indication in the documentary materials before the court whether this amended return was filed with the Internal Revenue Service, and, if so, when and where it was filed.

Defendant's affidavit and supporting documentation show that when plaintiff filed his 1976 federal income tax returns on April 15, 1977, his return showed that he owed $997 in taxes. On March 31, 1978, plaintiff was assessed a tax deficiency of $6,307, plus interest of $1,231.72 relative to his 1976 federal income tax return. On November 11, 1981, plaintiff was assessed $8.00 as "First Notice Issued Fees and Costs" relative to this tax deficiency. As of November 8, 1983, plaintiff had been assessed $8,543.72 in tax, interest and costs relative to his 1976 federal income tax return. During that period, plaintiff made payments on his 1976 tax obligation of $1,721.98. At least $6,821.74 remains of the tax liability plaintiff owes on his 1976 federal income tax.

■ No matter how one looks at the above figures, it is obvious that plaintiff has not paid in full the tax liability he owes on his 1976 federal income tax return. It is

1. While defendant has labeled its submission as a "Motion to Dismiss," the fact that it has appended thereto an affidavit and supporting doc-

umentation prompts the court to treat said motion as one for summary judgment.

**490**

settled, as it was in our predecessor court, that this court lacks jurisdiction over actions to recover any internal revenue tax, penalty, interest or cost erroneously or unlawfully collected unless the taxpayer has first made full payment of said tax, penalty, interest or cost. *Green v. United States,* 220 Ct.Cl. 712, 713, 618 F.2d 122 (1979); *Tonasket v. United States,* 218 Ct.Cl. 709, 711–12, 590 F.2d 343 (1978). *See Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623, *rehearing denied* 362 U.S. 972, 80 S.Ct. 953, 4 L.Ed.2d 901 (1960).

■ Plaintiff does not deny that he has not paid the full amount of the income tax liability assessed against him by the Internal Revenue Service relative to his 1976 federal income tax return. His complaint, and his response in opposition to defendant's motion, reasonably read, asks for an abatement of his 1976 tax liability to the extent of $6,119, which he claims should issue from a 1978 loss carryback. However to challenge the 1976 tax assessment liability in this fashion in this court, plaintiff, as the cases cited above teach, must pay the 1976 tax liability assessment in full, plus, penalties, interest and costs, and then sue for a refund, not an abatement, in this court. It is clear that in this court: "Full payment of the tax liability for any given year is a jurisdictional prerequisite to maintaining a tax refund action." *Green v. United States, supra,* 220 Ct.Cl. at 713, 618 F.2d 122.

Since this court lacks jurisdiction over plaintiff's claim, defendant's motion to dismiss, treated as a motion for summary judgment, is granted, with plaintiff's complaint to be dismissed.