**Antoinette DiNATALE Widow of James DiNatale**

v.

**The UNITED STATES.**

No. 485–86T.

United States Claims Court.

March 25, 1987.

Antoinette DiNatale, Atco, N.J., pro se.

Elizabeth D. DePriest, Washington, D.C., with whom was Asst. Atty. Gen. Roger M. Olsen, for defendant.

## OPINION

MARGOLIS, Judge.

Pro se plaintiff Antoinette DiNatale is before this court requesting "judgment against the United States for 1978 taxes of $1,666 plus penalties and interest to date and for the year 1977 taxes of $19,018 plus penalties and interest to date." Defendant has moved for dismissal of the action be-

---

cause this court lacks jurisdiction over the plaintiff's claims under 28 U.S.C. § 1491. The defendant's motion is granted.

## FACTS

At issue in this case are joint federal income tax returns for 1977 and 1978 filed by plaintiff Antoinette DiNatale and her husband, James, who is now deceased. Plaintiff will be referred to in the singular even though the claim is for relief from assessments of additional taxes on joint returns. On March 22, 1983 the Internal Revenue Service (IRS) mailed a Notice of Deficiency that increased the DiNatale's income tax for 1977 by $18,112 and for 1978 by $1,587. The Notice stated that the DiNatales had additional interest income, capital gains, and rental income and disallowed some business expense deductions for 1977 and 1978. In addition, the Notice assessed a "negligence addition" of five percent of the alleged underpayment as authorized by 26 U.S.C. § 6653(a)(1) (1982); $906 was assessed for 1977 and $79 for 1978. The Notice of Deficiency stated in part that if plaintiff wanted to "contest this deficiency in court *before making any payment*," she had 90 days from the mailing date of the Notice to file a petition with the U.S. Tax Court (emphasis added). Plaintiff did not file such a petition, although she did send the Clerk of the Tax Court a letter on January 30, 1986—clearly outside the 90–day limit.

On September 12, 1983 the IRS sent plaintiff two Statements of Adjustment, one for 1977 and one for 1978; these Statements added interest to the previous tax deficiencies and negligence additions. Plaintiff's daughter, acting under a power of attorney, appealed the assessments on behalf of her parents in a letter to the IRS dated September 23, 1983. The record indicates that numerous telephone calls and letters were exchanged between the parties.

On February 21, 1984 the IRS sent letters to the plaintiff disallowing her claim for adjustments to tax for 1977 and 1978. These letters stated in part that plaintiff could "bring suit or proceedings for the recovery of any tax, penalties, or other moneys" specified in the letters by filing suit in the United States District Court or the Claims Court within two years of the date of the letters. This two-year limitation period is contained in 26 U.S.C. § 6532(a)(1) (1982). Defendant asserts that the deficiencies, penalties, and interest have not been paid to date; plaintiff does not dispute this fact.

Plaintiff sent a letter to the Clerk of this court on February 19, 1986 exercising her "option to start proceedings for 'recovery of any tax, penalties or other moneys'" as outlined in the IRS' letters of February 21, 1984.

## DISCUSSION

Defendant asserts that this court does not have jurisdiction over plaintiff's claims because she has not yet paid the tax deficiencies, penalties, and interest.

28 U.S.C. § 1346 states in part that the district courts shall have original jurisdiction, concurrent with the U.S. Claims Court, of

[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

28 U.S.C. § 1346(a)(1) (1982). The U.S. Supreme Court has defined the limits of the district courts' jurisdiction over tax claims under § 1346 in no uncertain terms. *Flora v. United States*, 357 U.S. 63, 75, 78 S.Ct. 1079, 1086, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing*, 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960). The Court said, "[r]eargument has but fortified our view that § 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained." *Id.*, 362 U.S. at 177, 80 S.Ct. at 647.

■ This court has concurrent original jurisdiction with the district courts over tax *refund* suits. It would be anomalous if

different rules were applicable to suits filed on the same basis in the two courts. The rationale of *Flora*, that full payment is a necessary predicate to a suit for refund in order to preserve the structure of the tax litigation system, is equally applicable to the Claims Court and the district courts. *Tonasket v. United States*, 218 Ct.Cl. 709, 712, 590 F.2d 343, (1978). Full payment of the tax liability, penalties, and interest is thus a prerequisite to maintaining a tax refund action in the Claims Court. *Green v. United States*, 220 Ct.Cl. 712, 713, 618 F.2d 122 (1979); *Saunooke v. United States*, 8 Cl.Ct. 327, 330 (1985); *Frise v. United States*, 5 Cl.Ct. 488, 490 (1984).

▆▆ Congress saw the need to provide a forum for those taxpayers not financially able to "pay first and litigate later," and created the Board of Tax Appeals (now the Tax Court) in 1924. Revenue Act of 1924, ch. 234, 43 Stat. 352, 336; *see Flora,* 357 U.S. at 72–73, 78 S.Ct. at 1084–1085. Plaintiff was notified of her right to petition the Tax Court before making any payment, but she failed to avail herself of this option. Her sole option now, as defendant states, is to pay the full amounts claimed due by the IRS, and file a claim for refund with the IRS within two years of payment. If the claim is denied, plaintiff can file suit in this court (or a district court) within two years of denial of the claim. *See* 26 U.S.C. §§ 6511(a), 6532(a) (1982).

## CONCLUSION

Because plaintiff has not paid the disputed tax amounts, this court does not have jurisdiction over her complaint under 28 U.S.C. § 1491. The Clerk will dismiss the complaint without prejudice. Each party is to bear its own costs.