1. This court has examined the administrative files from the IRS which the defendant has provided. This practice is within the court's power when addressing jurisdiction under

---

**Demetris J. LAMBROPOULOS and Chrisanthy D. Lambropoulos, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 324–89T.**

United States Claims Court.

Sept. 26, 1989.

---

Demetris J. and Chrisanthy D. Lambropoulos, pro se.

## ORDER

ROBINSON, Judge.

The defendant has moved to dismiss this case pursuant to RUSCC 12(b)(1) for plaintiff's failure to fully pay assessed taxes and penalties.[1] Although defendant has moved to withdraw its motion to dismiss,

RUSCC 12(b)(1), and does not convert the motion to dismiss into a motion for summary judgment. *Iridium Corp. of America v. Semi–Alloys, Inc.*, 781 F.2d 879 (Fed.Cir.1985).

for the following reasons, this court *sua sponte* orders that the case be dismissed.[2]

## FACTUAL BACKGROUND

This is a *pro se* proceeding in which the plaintiffs, Demetris J. and Chrisanthy D. Lambropoulos, are suing for the refund of assessed taxes, interest, and penalties for the taxable year 1983. The plaintiffs filed a joint federal income tax return for 1983, and paid their 1983 tax liability of $5,115.49 through the withholding of $4,760.47 from wages and a payment to the Internal Revenue Service ("IRS") of $355.02.

The IRS audited the plaintiffs' 1983 tax return, and on September 24, 1987, mailed a Notice of Deficiency for $1,245.00 in income tax and penalties. On October 5, 1987, the IRS assessed $277.00 in FICA taxes, $138.50 in penalties, and $120.63 in interest. However, plaintiffs elected not to challenge the Notice of Deficiency in Tax Court, and on February 18, 1988, the IRS assessed $1,245.00 in income tax, $368.87 in penalties, and $613.24 in interest.

On March 10, 1989, Mr. Lambropoulos paid the IRS $1,522.00 and filed an amended U.S. Individual Income Tax Return Form 1040X for taxable year 1983, claiming overpayment of $5,115.49. The payment of $1,522.00 equals the $277.00 in FICA taxes owed plus the $1,245.00 owed in outstanding income taxes. On March 22, 1989, the IRS posted the $1,255.00 payment to plaintiffs' account. On April 15, 1989, the IRS applied the plaintiff's 1988 taxable year refund of $460.00 towards the amount owed for the 1983 taxable year, leaving a balance due of $781.24. Of the $781.24 owed, $47.37 represented unpaid penalty and $733.87 represented unpaid interest as of the date of assessment. On May 5, 1989, the IRS disallowed plaintiffs' claim on the 1983 taxable year amended return.

On June 8, 1989, Mr. Lambropoulos filed a complaint with this court, challenging the audit for the taxable year 1983.[3] On August 7, 1989, defendant filed a motion to dismiss the complaint. The issue of jurisdiction was discussed at a status conference on August 28, 1989, where defendant indicated that if plaintiffs would pay the amount of penalty owed, the government would move to withdraw its motion to dismiss.

On September 15, 1989, the defendant moved for leave to withdraw its motion to dismiss, to file a stipulation on penalties,[4] to file an answer to the complaint, and to file a counterclaim. In its counterclaim, the defendant requested payment of $781.24 in unpaid interest. Mr. Lambropoulos recently paid the $47.37 owed in penalties.

## DISCUSSION

The United States may not be sued except with the consent of Congress. *United States v. Mitchell,* 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980); *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). Section 7422(a) of the Internal Revenue Code is a waiver of immunity, providing a forum for taxpayers who seek "the recovery of any ... tax alleged to have been erroneously or illegally assessed or collected ..." I.R.C. § 7422(a). However, a waiver of sovereign immunity is subject to any conditions imposed by Con-

---

2. It is well settled that this court may examine its own jurisdiction at any time. *See Berdick v. United States,* 222 Ct.Cl. 94, 99, 612 F.2d 533, 536 (1979); *Wheeler v. United States,* 3 Cl.Ct. 686, 689 (1983).

3. Mr. Lambropoulos was granted leave to revise his complaint. Mr. Lambropoulos filed his revised complaint on June 27, 1989.

4. The stipulation on penalties provides the following:
    "It is hereby stipulated and agreed as follows:

1. The decision of the Court on plaintiffs' liability for income taxes assessed and paid shall determine the plaintiffs' liability for penalties assessed and paid as set forth in stipulations numbered 2 and 3.
2. Plaintiffs shall be liable for penalties assessed and paid if the Court decides that plaintiffs are liable for the income taxes assessed and paid.
3. Plaintiffs shall be entitled to a refund of the penalties assessed and paid if the Court decides that plaintiffs are not liable for the income tax assessed and paid."

gress. *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953).

One such condition is that full payment of the tax assessed must be made before the Claims Court has jurisdiction to hear a suit for recovery of taxes. 28 U.S.C. § 1346(a)(1) (1982). *See Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd. on rehearing* 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960); *Tonasket v. United States*, 218 Ct.Cl. 709, 711–12, 590 F.2d 343 (1978); *see also DiNatale v. United States*, 12 Cl.Ct. 72, 74 (1987); and *Kretchmar v. United States*, 9 Cl.Ct. 191, 195 (1985). The plaintiff must fully pay the tax liability, penalties, and interest before this court has jurisdiction. *See Green v. United States*, 220 Ct.Cl. 712, 713, 618 F.2d 122 (1979); *DiNatale v. United States*, 12 Cl.Ct. 72, 74 (1987); *Frise v. U.S.*, 5 Cl.Ct. 488, 490 (1984). At the time the complaint was filed, Mr. Lambropoulos owed $781.24 in unpaid interest and $47.37 in unpaid penalties. Unpaid interest and penalty are treated the same as the underlying tax for jurisdictional purposes. *See Alexander Proudfoot Co. v. United States*, 197 Ct.Cl. 219, 228, 454 F.2d 1379, 1384 (1972); *Frise v. United States*, 5 Cl.Ct. 488, 489–90 (1984).[5] Therefore, this court does not have jurisdiction to hear the case.[6]

Congress created the Tax Court for taxpayers who want to litigate the issue of liability, but who are financially unable to pay the amount owed. The IRS notified plaintiffs of their right to petition the Tax Court, but they elected not to do so. As a result, plaintiffs' only avenue of recovery is to fully pay all amounts, including interest, that the IRS claims is due. Plaintiffs may refile their claim with the U.S. Claims Court after paying *all* outstanding taxes, interest, and penalties.[7]

CONCLUSION

Because plaintiffs did not fully pay all interest and penalty before they filed suit, this court does not have jurisdiction under 28 U.S.C. § 1491. The clerk shall dismiss the complaint without prejudice. Plaintiff may pay all of the interest due and thereafter refile its amended complaint in this court without payment of any filing fee if such refiling is made within two years from May 5, 1989. Each party shall bear its own costs.

---

**5.** An exception exists for certain "divisible" taxes, but the exception clearly does not apply to this case. *See, e.g., Rodeway v. United States*, 231 Ct.Cl. 962 (1982); *Steele v. United States*, 280 F.2d 89 (8th Cir.1960).

**6.** Defendant has withdrawn its motion to dismiss. However, plaintiffs payment of $47.37 combined with defendant's motion to withdraw its motion to dismiss do not vest this court with jurisdiction. *All* outstanding taxes, interest, and penalties must be fully paid *before* filing suit with this court. Otherwise, the Claims Court does not have jurisdiction. *See Flora*, 362 U.S. at 177, 80 S.Ct. at 647. The parties cannot stipulate to jurisdiction if it does not otherwise exist. *See Wheeler v. United States*, 3 Cl.Ct. 686, 689 (1983).

**7.** In light of our decision, defendant's motion for leave of court to withdraw its motion to dismiss, to file a stipulation on penalties, and to file an answer and counterclaim are dismissed as moot.