**Max and Rita KATZ, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 90–506T.**

United States Claims Court.

April 3, 1991.

\* As noted, the orders of March 30 and December 28, 1990 are available for public access in the

Robert B. Conklin, Buffalo, N.Y., for plaintiffs.

Ellen C. Specker, Washington, D.C., with whom was Asst. Atty. Gen. Shirley D. Peterson, for defendant.

## ORDER

NETTESHEIM, Judge.

On February 20, 1991, defendant filed a motion to dismiss the complaint. Plaintiffs have failed to respond to the motion within the time provided for by rule. Accordingly, as defendant argues, Count I of the complaint should be dismissed because plaintiffs do not intend to prosecute this claim.

Defendant also asks that Counts II and III be dismissed because plaintiffs have not paid in full the penalties assessed against them, citing *Lambropoulos v. United States*, 18 Cl.Ct. 235 (1989), and *DiNatale v. United States*, 12 Cl.Ct. 72 (1987). Defendant has provided sufficient evidence to support a finding that plaintiffs have not discharged fully their liability for penalties assessed by the Internal Revenue Service (the "IRS") for the 1981 and 1982 tax years. However, this court disagrees with *Lambropoulos* and *DiNatale* on the point. These decisions can be traced to a Court of Claims case that supports their holdings, but even defendant does not contend that the failure to prepay penalties always deprives the Claims Court of jurisdiction.

28 U.S.C. § 1346(a)(1) (1988), provides that federal district courts have jurisdiction, concurrent with the United States Claims Court, over

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collect-

clerk's office.

ed without authority or *any sum* alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws; ...

(Emphasis added.)

In *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on reh'g*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), the taxpayer argued that the phrase "any sum" is a catchall conferring federal district court jurisdiction to adjudicate suits for refund of part of a tax. The Supreme Court rejected this interpretation and held that the function of the phrase is to permit suit for recovery of items which might not be designated as either taxes or penalties by Congress or the courts, such as interest. *Flora* thus established the principle that full payment of an IRS deficiency assessment, defined as assessed tax and interest, 362 U.S. at 147, 80 S.Ct. at 631–32, is a jurisdictional prerequisite to a suit in federal district court. *Id.* at 177, 80 S.Ct. at 647. The decision in *Flora* was held to be binding by the United States Court of Claims with respect to its Tucker Act jurisdiction, 28 U.S.C. § 1491 (1976). *Tonasket v. United States*, 218 Ct.Cl. 709, 712, 590 F.2d 343 (1978).

In mandating full prepayment of an assessment, however, *Flora* did not require that a taxpayer prepay penalties, as well. *Lambropoulos*, a Claims Court case, holds to the contrary, citing *Green v. United States*, 220 Ct.Cl. 712, 713, 618 F.2d 122 (1979); *DiNatale*, 12 Cl.Ct. at 74; and *Frise v. United States*, 5 Cl.Ct. 488, 490 (1984). *Green*, citing *Flora*, merely states the accepted rule that the taxpayer must pay the full amount of the assessed income tax liability. On defendant's motion to dismiss for failure to pay the assessed tax liability, plus interest and penalties, *DiNatale* interpreted *Flora* to call for the full payment of tax liability, interest, and penalties, citing *Green; Saunooke v. United States*, 8 Cl.Ct. 327, 330 (1985), *aff'd*, 806 F.2d 1053 (Fed.Cir.1986); and *Frise*. *Saunooke* does not mention penalties. *Frise* says that it is settled law that the Claims Court lacks jurisdiction over tax refund suits unless the taxpayer first has paid assessed taxes, interest, penalties, "or

cost." 5 Cl.Ct. at 490. The opinion does not disclose whether penalties were assessed or whether defendant moved to dismiss the complaint based on the failure to pay penalties. *Frise*, in turn, cites *Green, Tonasket,* and *Flora*. *Tonasket* construes *Flora* as requiring payment of all taxes or penalties before jurisdiction is vested in district court. 218 Ct.Cl. at 711, 590 F.2d 343.

In *Tonasket* plaintiffs made a partial payment of $300.00 in deficiencies and penalties totalling $117,000.00. According to the Court of Claims, *Flora* interpreted 28 U.S.C. § 1346(a)(1) to require full payment of taxes or penalties before jurisdiction vested in district court. 218 Ct.Cl. at 711, 590 F.2d 343. The Court of Claims held: "In short, both plaintiffs' election to file suit in the Tax Court and the lack of full payment of all the deficiencies and penalties levied by the Service preclude this lawsuit in this court." *Id.* at 712, 590 F.2d 343. Although this case is binding precedent, defendant does not argue for the broad reach of its holding, which extends *Flora* to require prepayment of penalties.

Defendant's position on this putative mandatory requirement is equivocal. Defendant sought dismissal in *DiNatale* for failure to pay penalties. Defendant also initially moved to dismiss the complaint in *Lambropoulos* for failure to pay penalties. However, defendant withdrew its motion to dismiss upon plaintiffs' payment of the penalties. *See* 18 Cl.Ct. at 236–37 & n. 5. The court nonetheless ruled on the jurisdictional issue, concluding that since jurisdiction attaches at the commencement of an action, the taxpayers' failure to pay the penalties before filing suit deprived the Claims Court of jurisdiction.

In the case at bar, defendant argues that the taxpayer need not always prepay penalties:

During discussions preceding the filing of the joint preliminary status report on December 5, 1990, defendant indicated to plaintiffs that it would withdraw the jurisdictional defense to Counts II and III if plaintiffs agreed that they would not sep-

arately contest the penalties assessed against them; in other words, if plaintiffs agreed to let the determination on the merits of the tax dispute control the penalty outcome, defendant would not move to dismiss. It is the Tax Division's view that full payment of penalties and interest is not required where the taxpayer raises no *independent* issues regarding such assessments. Plaintiffs, however, would not agree.

Def's Br. filed Feb. 20, 1991, at 6 n. 3 (emphasis in original).

■ Thus, defendant does not contend that payment of penalties is a jurisdictional, or mandatory, prerequisite, except in certain circumstances. If payment of penalties is mandatory, defendant's position that payment is required only in certain circumstances contradicts the basic "all or nothing" stature of a jurisdictional issue. As defendant points out, however, plaintiffs agreed in the Joint Preliminary Status Report that the court lacked jurisdiction with respect to Counts II and III of the complaint. The court does not understand exactly on what basis plaintiffs agree that jurisdiction is lacking, but since they did not respond to defendant's motion, it takes them at their word. Accordingly, based on the foregoing,

IT IS ORDERED, as follows:

Count I of the complaint is dismissed on the merits, and Counts II and III are dismissed for want of jurisdiction. The Clerk of the Court shall dismiss the complaint.

No costs.