**Albert A. and Wilma G. MAGEE, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 90–369 T.**

United States Claims Court.

Dec. 4, 1991.

Albert A. Magee, pro se.

Barbara E. Seaman, with whom was Shirley D. Peterson, Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for defendant.

### ORDER

SMITH, Chief Judge.

After hearing oral argument on cross-motions for summary judgment in this tax refund case, the court requested that the parties attempt to reach a settlement. On April 25, 1991, the parties filed a stipulation for dismissal with prejudice. Pursuant to. Rule 41(a) of the Rules of the United States Claims Court, an action may be dismissed without order of the court, after filing of the answer, by the filing of a stipulation for dismissal signed by all parties. Ordinarily, the court would allow a dismissal without further order as provided in Rule 41(a). However, an issue was raised in this case that merits discussion prior to dismissal.

The issue the court wishes to address is whether or not a plaintiff must pay all penalties and interest in order for the Claims Court to have jurisdiction over a tax refund case. In the present case, plaintiffs have fully paid all taxes and penalties, but there purportedly remains an unpaid amount of interest of approximately $22,-821.74. Defendant has counterclaimed for this amount.

In its brief in support of its motion for summary judgment, defendant states:

It is the defendant's position—based on language in *Flora* [*v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958)][1]—that a refund suit is not

---

**1.** *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing,*

barred by unpaid interest which follows automatically from the computation of additional tax and is not separately contested.... But see *Lambropoulos v. United States*, 18 Cl.Ct. 235 (1989) (the Court dismissed the suit *sua sponte* for lack of jurisdiction due to unpaid penalties and interest).

Def.'s Br. filed Feb. 15, 1991, at 6 n. 4. At the time of the filing of the complaint in *Lambropoulos*, plaintiffs had paid all the taxes owed but still owed $781.24 in unpaid interest and $47.37 in unpaid penalties. The court dismissed the case for lack of jurisdiction because of the amounts outstanding. Citing *Flora*, the court held that Congress has waived sovereign immunity only on the condition that full payment of the tax assessed must be made before the Claims Court has jurisdiction to hear a suit for recovery of taxes.

The court in *Lambropoulos* cites to *Green v. United States*, 220 Ct.Cl. 712, 713, 618 F.2d 122 (1979); *DiNatale v. United States*, 12 Cl.Ct. 72, 74 (1987); and *Frise v. United States*, 5 Cl.Ct. 488, 490 (1984), for the proposition that the plaintiff must fully pay the tax liability, penalties and interest before this court has jurisdiction. The court in *Lambropoulos* maintained that unpaid interest and penalties are treated the same as the underlying tax for jurisdictional purposes, citing to *Alexander Proudfoot Co. v. United States*, 197 Ct.Cl. 219, 228, 454 F.2d 1379, 1384 (1972), and *Frise v. United States*, 5 Cl.Ct. 488, 489–90 (1984). Because there were amounts outstanding for both penalties and interest, the court ruled that it did not have jurisdiction.

A recent Claims Court case, *Katz v. United States*, 22 Cl.Ct. 714 (1991), disagrees with *Lambropoulos*. After analyzing the decisions relied upon in *Lambropoulos*, the court in *Katz* concluded that payment of penalties is not a jurisdictional prerequisite, except in certain circumstances. 22 Cl.Ct. at 716. But see *Rocovich v. United States*, 933 F.2d 991, 994 (Fed.Cir.1991).

This court would agree with the holding in *Katz*, and would extend it to include not only penalties, but also interest. The court would especially note footnote 37 in the *Flora* decision on rehearing where the Supreme Court discusses in section (c), "As we have indicated, the statute [28 U.S.C. § 1346(a)(1)] lends itself to a construction which would permit suit for the tax after full payment thereof without payment of any part of the interest." *Flora*, 362 U.S. at 171 n. 37, 80 S.Ct. at 644 n. 37.

The parties having filed a stipulation for dismissal[2], IT IS HEREBY ORDERED that this case is dismissed with prejudice, the parties to bear their respective costs.

---

362 U.S. 145, 171 n. 37, 80 S.Ct. 630, 644 n. 37, 4 L.Ed.2d 623 (1960).

**2.** The court notes that plaintiffs have informally, through correspondence, indicated that they wish to withdraw the stipulation for dismissal. The basis for the request, apparently, is that plaintiffs have discovered records regarding tax year 1971. Tax year 1971 is not at issue in this case. The court will treat the request for withdrawal as a motion for reconsideration. In light of the fact that the basis for the motion is for tax years not in issue, the court denies the motion.