**Louis C. ABRUZZO, Benny L. Abruzzo, and Richard J. Abruzzo, Co–Personal Representatives of the Estate of Benjamin L. Abruzzo, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 509–89T.

United States Claims Court.

Dec. 18, 1991.

Estaben A. Aguilar, Albuquerque, N.M., for plaintiffs.

Steven I. Frahm, Washington, D.C., with whom was Deputy Atty. Gen. Michael L. Paup, for defendant.

## OPINION

LYDON, Senior Judge:

This tax refund case is before the court to determine whether the court has jurisdiction to rule on the claim involved in this litigation in light of recent jurisdictional developments in *Rocovich v. United States*, 933 F.2d 991 (Fed.Cir.1991) (hereinafter *Rocovich* II), regarding the full pay-

ment rule set forth in *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *adhered to* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623, *reh. den.* 362 U.S. 972, 80 S.Ct. 953, 4 L.Ed.2d 902 (1960). Defendant has indicated that it will not move to dismiss the complaint on jurisdictional grounds. At the court's direction, the parties briefed the issue. After the parties submitted their briefs on jurisdiction, plaintiffs moved for summary judgment on the issue of jurisdiction, and they have also moved to amend their complaint to allege additional facts supporting jurisdiction. Defendant opposed these motions. The court, over defendant's opposition, allowed plaintiffs to amend their complaint. After careful consideration of the parties' submissions and after oral argument, the court dismisses plaintiffs' complaint, as amended, for lack of jurisdiction.

## FACTS

The pertinent jurisdictional facts are as follows. On November 8, 1985, plaintiffs filed an estate tax return which indicated a liability of $1,274,418 in estate taxes. At that time, plaintiffs elected to defer payment of part of this liability, pursuant to 26 U.S.C. (I.R.C.) § 6166.[1] Under section 6166, plaintiffs were required to pay, and did pay, $685,000 of the estate tax and deferred the remaining $589,418 to be paid in ten equal annual installments.[2] The first installment was to be paid by November 8, 1990, five years from the date the estate tax return was filed.

On November 3, 1988, the Internal Revenue Service (the Service) issued a Notice of Deficiency, in which the Service notified plaintiffs that they owed additional estate taxes in the amount of $2,060,611.20. Plaintiffs were also assessed an undervaluation penalty of $588,605.35, pursuant to section 6660.

**1.** Hereinafter, all statutory citations refer to the Internal Revenue Code (I.R.C. or the Code), 26 U.S.C., unless otherwise indicated.

**2.** (a)(1) If the value of an interest in a closely held business which is included in determining the gross estate of a decedent ... exceeds 35 percent of the adjusted gross estate, the executor may elect to pay part or all of the tax

... in 2 or more (but not exceeding 10) equal installments.
(a)(3) If an election is made under paragraph (1), the first installment shall be paid on or before the date selected by the executor by this paragraph for payment of the preceding installment.

On December 27, 1988, the Service sent plaintiffs a Statement of Tax Due, which amended the earlier Notice of Deficiency to reflect taxes due in the amount of $1,818,496.20, $586,803.24 in penalties, and $918,636.24 in interest, for a total of $3,323,935.68. Plaintiffs paid the entire amount on February 22, 1989. On that same date, plaintiffs filed a refund claim with the Service for the entire amount of the assessment they had paid. When the Service failed to act on their refund claim within six months, plaintiffs filed a refund suit in this court on September 18, 1989.[3]

Plaintiffs' suit in this court seeks a refund of taxes and penalties paid in the amount of $2,647,414.40 and a refund of interest paid in the amount of $948,721.59. As of the date they filed suit, however, plaintiffs had not paid the outstanding assessed balance of $535,178.94 that plaintiffs were paying in installments under section 6166.

In their motion for summary judgment, plaintiffs now allege that they have paid certain deductible administrative expenses prior to filing suit in this court, and that these deductible expenses reduced the amount of estate tax deferred under section 6166 to zero. Thus, plaintiffs allege they have satisfied the *Flora* full payment rule. While defendant argues that the court has jurisdiction over plaintiffs' complaint, it vigorously opposes plaintiffs' motion for summary judgment and the manner in which plaintiffs have sought to satisfy the *Flora* full payment rule.

## DISCUSSION

### I

■ Both plaintiff and defendant maintain that the court has jurisdiction to hear this case. However, the court is not as convinced as the parties are that it does have jurisdiction. It is established that the court must determine for itself whether it has jurisdiction to adjudicate plaintiffs' tax refund suit. *See Berdick v. United States,*

222 Ct.Cl. 94, 99, 612 F.2d 533, 536 (1979); *Rocovich v. United States,* 18 Cl.Ct. 418, 421 (1989), *aff'd,* 933 F.2d 991 (Fed.Cir. 1991); *Lambropoulos v. United States,* 18 Cl.Ct. 235, 236 n. 2 (1989). Indeed, "a litigant cannot manipulate a court's jurisdiction by failing to assert what would be a jurisdictional bar, since a court would be required to raise a jurisdictional impediment when the court became cognizant of it." *Rocovich, supra,* 18 Cl.Ct. at 423 (hereinafter *Rocovich I*) (citing *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988)). The court concludes that it lacks jurisdiction in this case because plaintiffs failed to pay the entire estate tax assessment, including penalties and interest, prior to filing suit in this court.

■ The Claims Court generally has jurisdiction over tax refund suits. 28 U.S.C. § 1491(a)(1). Federal district courts have concurrent jurisdiction over tax refund suits. 28 U.S.C. § 1346(a)(1). However, full payment of the tax liability, penalties, and interest is a jurisdictional prerequisite to maintaining a tax refund suit in either court. *See Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *adhered to* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 *reh. den* 362 U.S. 972, 80 S.Ct. 953, 4 L.Ed.2d 902 (1960); *Rocovich II, supra,* 933 F.2d at 993–94. *But c.f. Katz v. United States,* 22 Cl.Ct. 714 (1991) (payment of penalties is not a jurisdictional prerequisite to a tax refund suit); *Magee v. United States,* 24 Cl.Ct. 511 (1991) (payment of penalties or interest are not jurisdictional prerequisites to a tax refund suit). In *Flora,* the Supreme Court rejected the taxpayer's argument that partial payment of income taxes assessed confers jurisdiction on the federal district court under 28 U.S.C. § 1391(a)(1), and held that a taxpayer must pay the full amount of income tax deficiency assessed before challenging its correctness in federal district court. *See Flora, supra,* 362 U.S. at 177, 80 S.Ct. at

---

**3.** Under the Internal Revenue Code, sections 7422, 6532 and 6511 (28 U.S.C.), taxpayers are precluded from filing suit until six months have expired following the filing of a claim for refund.

647. The rationale of *Flora* applies with equal force to the Claims Court and federal district courts. *See Rocovich II, supra,* 933 F.2d at 993; *Tonasket v. United States,* 590 F.2d 343, 218 Ct.Cl. 709, 712 (1978); *Katz v. United States,* 22 Cl.Ct. 714, 715 (1991); *Lambropoulos v. United States,* 18 Cl.Ct. 235, 237 (1989); *DiNatale v. United States,* 12 Cl.Ct. 72, 74 (1987).

■ The *Flora* "full payment" rule has been applied to installment arrangements. *See Rocovich II, supra,* 933 F.2d at 995; *Rodewald v. United States,* 231 Ct.Cl. 962, 963 (1982). In *Rocovich,* both the Claims Court and the Federal Circuit found that section 6166 does not create an exception to the *Flora* full payment rule. *Rocovich II, supra,* 933 F.2d at 995; *Rocovich I, supra,* 18 Cl.Ct. at 424. In *Rocovich,* the taxpayer reported an estate tax liability of $81,338, of which $39,000 was paid upon filing the return. The taxpayer elected, under section 6166, to defer payment of the remaining balance of $42,338 in ten annual installments. Upon auditing the estate tax return, the Service determined that the estate owed $127,324.45 in additional tax, which the Service assessed against the taxpayer, along with $62,124.48 in interest. In addition, the Service determined that the estate was not eligible under section 6166 to defer any of the estate tax owed. The taxpayer paid the additional assessment of $127,-324.45 but did not pay the $62,124.48 in interest. Upon filing suit in this court for a refund, the taxpayer had not paid the deferred $42,388 in estate tax, nor the $62,-124.48 in assessed interest. In the Claims Court, the government moved to dismiss for lack of full payment under *Flora.* The Claims Court granted the government's motion, holding that the *Flora* full payment rule had not been satisfied because the taxpayer had not fully paid the estate tax assessed. *Rocovich I, supra,* 18 Cl.Ct. at 423–24. In addition, the Claims Court found that section 6166 is not an exception to the *Flora* rule. *Rocovich I, supra,* 18 Cl.Ct. at 424. On appeal, the Federal Circuit upheld the Claims Court on both of these points.

In *Rocovich,* both the Claims Court and the Federal Circuit rejected the argument that section 6166 creates an exception to *Flora.* The Claims Court based its conclusion on prior case law, citing *Rodewald v. United States,* 231 Ct.Cl. 962, 963 (1982); *Manning v. United States,* 53 A.F.T.R.2d 84–1584, 84–1585 (S.D.N.Y.1983); and *Flora, supra,* 362 U.S. at 168 n. 34, 80 S.Ct. at 642 n. 34. The Federal Circuit agreed with the Claims Court:

> Congress, in section 6166, has merely permitted an estate to pay the single tax in installments with interest. As a result, the partial satisfaction of the tax by an installment payment under section 6166 does not satisfy the *Flora* full payment rule. While the *Flora* rule may result in economic hardship in some cases, it is Congress' responsibility to amend the law.

*Rocovich II, supra,* 933 F.2d at 995. Furthermore, the Federal Circuit noted that "[e]xceptions to the full payment rule have been recognized by the courts only where an assessment covers divisible taxes ... such as excise and employment taxes." *Rocovich II, supra,* 933 F.2d at 995. The Federal Circuit found that the estate tax is not a divisible tax. *Rocovich II, supra,* 933 F.2d at 995.

Prior to *Rocovich,* the Service's position with regard to the impact of *Flora* on section 6166 was that the Service would not raise a defense based on *Flora* when a section 6166 election has been made and the taxpayer has brought a tax refund suit before paying all of its section 6166 estate tax installments. G.C.M. 35696 (1974). After the Claims Court's decision in *Rocovich I,* the Service reevaluated its position and determined that G.C.M. 35696 should be revoked. Accordingly, on March 5, 1991, the Service implemented a new policy to raise the *Flora* jurisdictional defense when a section 6166 election is made and the taxpayer brings a tax refund suit before paying all of its section 6166 installments. G.C.M. 39839 (1991). *Rocovich* was affirmed by the Federal Circuit on May 15, 1991.

Subsequently, however, the Service again changed its position, apparently in response to a request from the Department of Justice. In newly-issued G.C.M. 39864, the Service affirmed its position that G.C.M. 35696 was properly revoked after *Rocovich* but acknowledged that "some doubts remain concerning the application of [*Rocovich*] to cases with dissimilar facts. We recommend, therefore, that the Service adopt a case-by-case analysis of the applicability of the Flora defense to cases being litigated that involve taxpayers who have made section 6166 elections." It is obvious from these changes by the Service that its position on the matter is ambivalent to say the least.

It is defendant's position that the court has jurisdiction in this case, because the Service concedes that plaintiffs are eligible to defer payment of estate taxes under section 6166 and plaintiffs are current in their installment payments, despite the fact that plaintiffs have not paid all the installments deferred under section 6166. Defendant acknowledges that the common factor in both the present case and in *Rocovich* is that the taxpayers did not pay all of the assessed, but deferred, estate taxes before filing suit. However, defendant distinguishes the facts of the case at bar from the facts in *Rocovich* on the sole basis that in *Rocovich*, defendant challenged the estate's eligibility to elect deferral of estate tax liability under section 6166. In the present case, defendant does not challenge the estate's eligibility to elect deferral under section 6166. The Service's most recent position, that it will proceed on a case-by-case determination, apparently arises from this purported distinction between *Rocovich* and the case at bar. Defendant admits, however, that the Federal Circuit in

*Rocovich* apparently attached no significance to this distinction.

The court agrees with defendant that the Federal Circuit in *Rocovich* attached no significance to the fact that the Service denied *Rocovich's* section 6166 eligibility for deferral while initially permitting him to elect deferral. Clearly, the Federal Circuit based its conclusion that the Claims Court lacked jurisdiction on the significant fact that *Rocovich* did not pay all of the installments of estate tax deferred under section 6166 before filing suit. Whether Rocovich was eligible to defer or not was not deemed material.

In essence, defendant argues that section 6166 creates an exception to the *Flora* full payment rule. While defendant's position in the case at bar may have some appeal to tax gurus, the court agrees with the Federal Circuit that "it is Congress' responsibility to amend the law." *Rocovich II, supra*, 933 F.2d at 995.[4] The Federal Circuit, in language that is very clear, stated that estate tax paid in installments is not a divisible tax and thus is not an exception to the *Flora* full payment rule for bringing a tax refund suit in this court. *Rocovich II, supra*, 933 F.2d at 995. Likewise, in the present case, the fact that plaintiffs did not pay all the installments deferred under section 6166 before filing suit prevents the court from exercising jurisdiction under the *Flora* full payment rule. This court is bound to follow the decisions of the Federal Circuit. *See Beta Systems, Div. of Velcon Filters, Inc. v. United States*, 16 Cl.Ct. 219, 225 n. 4 (1988).

Moreover, defendant's position regarding the application of the *Flora* rule in tax cases has been inconsistent and/or ambiguous.[5] *See Katz, supra*, 22 Cl.Ct. at 716;

---

**4.** *En passant*, defendant advises the court that several bills have been introduced in the House of Representatives and the United States Senate addressing the jurisdictional question considered by the Federal Circuit in *Rocovich v. United States*, 933 F.2d 991 (Fed.Cir.1991), *aff'g* 18 Cl.Ct. 418 (1989). *See* 5.1701, 102d Cong. 1st Sess; H.R. 3310, 102d Cong. 1st Sess. (Sept. 11, 1991).

**5.** The Claims Court itself is not consistent in applying the *Flora* full payment rule. This

court believes that full payment is mandatory under *Flora*. *See Frise v. United States*, 5 Cl.Ct. 488, 490 (1984) (Plaintiff must fully pay the tax liability, penalties and interest before this court has jurisdiction). *See also Lambropoulos v. United States*, 18 Cl.Ct. 235 (1989) (Court dismissed case *sua sponte* for lack of jurisdiction due to unpaid penalties and interest); *DiNatale v. United States*, 12 Cl.Ct. 72 (1987) (Failure to pay penalties is a jurisdictional bar to a suit for tax refund in the Claims Court). Other judges

*Cohen v. United States,* 23 Cl.Ct. 717, 719 (1991). The court finds the reasoning in *Manning, supra,* at 84–1585 to 84–1586 to be persuasive. With respect to the Service's policy of not raising a jurisdictional defense in the case of section 6166 deferals, the court in *Manning* states:

I had not previously understood that a party had the power to vest or divest a court of jurisdiction. Jurisdiction either does or does not exist. And I have serious problems with the concept of the government at its own whim or even as a matter of stated but internal policy, vesting or divesting the Court of subject matter jurisdiction.

Id. at 84–1585 to 84–1586. Defendant's position in this case that full payment means nothing more than being current in installment payments would seem to contradict the basic nature of a jurisdictional issue. *See Katz, supra,* 22 Cl.Ct. at 716 ("If payment of penalties is mandatory, defendant's position that payment is required only in certain circumstances contradicts the basic 'all or nothing' stature of a jurisdictional issue."); *Cohen v. United States,* 23 Cl.Ct. 717, 719 n. 3 (1991) (government's position that the full payment rule applies only to tax if taxpayer raises no independent issues regarding interest).

In response to the suggestion that applying the full payment rule to the present circumstances would work a hardship on plaintiffs and those similarly situated, perhaps by forcing them to sell non-liquid, closely-held business interests to pay estate taxes, the court disagrees. In *Flora,* the Supreme Court responded to a similar hardship argument as follows:

A word should be said about the argument that requiring taxpayers to pay the full assessment before bringing suits will subject some of them to great hardship. This contention seems to ignore entirely the right of the taxpayer to appeal the deficiency to the Tax Court without pay-

ing a cent. If he permits his time for filing such an appeal to expire, he can hardly complain that he has been unjustly treated, for he is in precisely the same position as any other person who is barred by a statute of limitations.

*Flora, supra,* 362 U.S. at 175, 80 S.Ct. at 646; *see also Rocovich I, supra,* 18 Cl.Ct. at 424 (quoting *Flora* ).

II

Recognizing the potential impact of *Rocovich* on their complaint, plaintiffs have added a second string to their bow. Plaintiffs have moved to amend their complaint and for partial summary judgment claiming that the court, as a matter of law, has subject matter jurisdiction in this case since they have "paid" their estate taxes in full prior to filing their complaint in this case. Plaintiffs argue that the *Flora* full payment rule has been satisfied because plaintiffs have taken deductions for administrative expenses paid prior to filing suit which have fully offset any remaining estate tax liability deferred under section 6166. Defendant has moved to dismiss the amendments to plaintiffs' complaint and opposes plaintiffs' motion for partial summary judgment. In order to put before the court the above allegations that they have paid the estate tax in full, the court, over defendant's objections, granted plaintiffs leave to amend their complaint.

The parties agree that jurisdiction in this case is determined based on facts existing when the complaint was filed on September 18, 1989. *Beghin–Say Int'l, Inc. v. Ole–Bendt Rasmussen,* 733 F.2d 1568, 1572 1578 (Fed.Cir.1984); *see also Rocovich II, supra,* 933 F.2d at 994. It is undisputed that at the time the complaint was filed in the court, the deferred tax of some $535,-178.94 was not paid. *See Rocovich II, Id.* It is also undisputed that at the time of filing suit, September 18, 1989, plaintiffs had not claimed the deductions which they

have held to the contrary. *See Katz v. United States,* 22 Cl.Ct. 714, 715 (1991) (Court disagrees with *Lambropoulos* and *DiNatale* on the question of whether payment of penalties is a jurisdictional

prerequisite in a tax refund suit). *See also Magee v. United States,* 24 Cl.Ct. 511, 512 (1991) (agreeing with the holding in *Katz* and extending it to include not only penalties, but also interest).

now claim they are entitled to, nor had the service taken any action, either to allow or disallow these deductions.

*Rocovich I* was decided by the Claims Court on October 18, 1989 and affirmed by the Federal Circuit on May 15, 1991. In a *United States Estate (and Generation–Skipping Transfer) Tax Return*, Supplemental # 4A, filed by plaintiffs on June 19, 1991 and received by the Internal Revenue Service on June 21, 1991, plaintiffs sought a tax refund of $97,836. This amended return was based on the assertion that the estate had incurred various valuation and appraisal expenses, estimated legal and accounting fees, executor's commissions, publishing and miscellaneous costs, and several interest payments made covering the period November 1986–August 1989.[6] Plaintiff alleges that this amended "tax refund" claim establishes that all of the tax that plaintiffs were paying in installments under section 6166 had been abated. The outstanding balance of deferred taxes as of the date they filed suit in this court, September 18, 1989, was at least $476,237.15. Accordingly, plaintiffs argue, since they have "paid" all the estate taxes in issue prior to filing their complaint, the full-payment rule required by *Flora* was, in fact, satisfied and the holding in *Rocovich* is thus inapplicable.

Defendant's motion to dismiss plaintiffs' amendments to their complaint is based on the contention that the court is without jurisdiction to consider these amendments. As indicated earlier, these amendments set forth allegations that plaintiffs, prior to filing their complaint, had incurred various administrative expenses which when prop-

erly considered as deductions served to reduce the amount of taxes, the payment of which plaintiffs had deferred under section 6166, to zero. Under the Internal Revenue Code, sections 7422, 6532 and 6511 (28 U.S.C.), taxpayers are precluded from filing suit until six months have expired following the filing of a claim for refund. *Magnone v. United States*, 733 F.Supp. 613 (S.D.N.Y.1989), *aff'd* 902 F.2d 192 (1990).[7] Defendant points out that as to the administrative expense deduction claims embodied in plaintiffs' June 21, 1991 tax refund claim to the Internal Revenue Service, the Service has not acted on that refund claim and six months, or December 21, 1991, have not yet passed. Plaintiffs concede, as they must, that the deductions in question were not claimed until after the filing of their complaint on September 18, 1989.[8] Defendant also suggests that plaintiffs' refund claim of June 21, 1991, may also be untimely under section 6511(a) of the Internal Revenue Code which requires that a claim for refund be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever is later.

Plaintiffs argue, however, that their June 21, 1991 submission to the Service is not a "refund" claim but is merely a "supplemental" return. Plaintiffs claim that if the Service and the estate agree on the amounts set forth in the June 21, 1991 submission, the Service will abate the amount of the assessment accordingly.

This approach is most unpersuasive since the submission specifically seeks a "refund due" of $97,836. Also, in this case there is no agreement on these amounts that plain-

---

6. Plaintiffs stress that these payments were made prior to the filing of their complaint in this court on September 18, 1989 but ignore the fact that they were not presented to the Internal Revenue Service as an amended tax return until June 19, 1991. As of the date of this opinion there has been no administrative action on plaintiffs' amended tax return and six months have not yet passed relative to plaintiffs' amended tax refund claim. Further, an Internal Revenue Certificate of Assessments and Payments, dated August 29, 1991, shows a balance due on plaintiffs' estate tax of $476,237.15.

7. Defendant notes that in their amended complaint plaintiffs allege that the estate paid $77,559 in deductible federal and state income taxes despite the fact that plaintiffs have failed to file a claim for refund relative thereto. Defendant asserts the court lacks jurisdiction over this particular claim. *See Gustin v. United States*, 876 F.2d 485 (5th Cir.1989).

8. The September 18, 1989 complaint related only to the proper valuation of the estates' interest in four corporations and some additional parcels of real estate. That complaint did not involve any claims relating to administrative expense deduction claims.

tiffs claim would serve to abate the taxes they owe the Service.[9] Furthermore, if, as plaintiffs argue, the June 21, 1991 submission is not a refund claim, the court would still have no jurisdiction relative to said estate deduction claims because they were not previously the subject of a claim for refund as required by section 7422 of the Internal Revenue Code.

Plaintiffs, while recognizing that payment of the taxes in question were not, in fact, "paid," argue that they incurred deductible administration expenses before suit was filed on September 18, 1989. These deductions, if granted, would eliminate any outstanding assessed tax liability. Plaintiffs argue they have therefore satisfied the full payment requirement of *Flora* and *Rocovich*. However, *Flora* rejected a similar argument and indicated that payment of the amount the taxpayer concedes is due, and not the amount the Service determines is due, does not satisfy the full payment rule. *Flora, supra,* 362 U.S. at 168–69 & n. 34, 80 S.Ct. at 642–44 & n. 34. Thus, the *Flora* full payment rule has been interpreted to mean that "full payment" refers to the amount the Service has determined is due, not just the amount the taxpayer concedes is due. *Rocovich, supra,* 18 Cl.Ct. at 423; *see also Green v. United States,* 220 Ct.Cl. 712, 713, 618 F.2d 122 (1979); *DiNatale, supra,* 12 Cl.Ct. at 74; *Manning v. United States, supra,* 53 A.F.T.R.2d at 84–1585. Plaintiffs reasoning runs counter to the *Flora* admonition that a taxpayer is required to "pay first and litigate later" if the taxpayer intends to file suit in Federal Courts. If the tax-

payer does not wish to pay first, the Tax Court is the forum available to the taxpayer. *Flora v. United States, supra,* 357 U.S. at 75, 78 S.Ct. at 1086.

Recognition of plaintiffs' position herein, that the mere incurrence of and claim by plaintiffs of deductible administration expenses before suit was filed serves to eliminate an assessed tax liability, would sound the death knell for the full payment requirement. It is important to note that plaintiffs have merely *claimed* the estate incurred additional deductible administration expenses. The Service has not ruled on plaintiffs' claim, nor has the Service reversed or abated all of the assessed taxes, levied against plaintiffs, which totaled at least $476,237.15 as of the date the complaint was filed in the court on September 18, 1989.[10]

As indicated earlier, jurisdiction is determined by its facts existing on the date the complaint is filed in the court. On the date, September 18, 1989, that plaintiffs' complaint was filed in this court, plaintiffs had not paid all the taxes assessed against them. The fact that plaintiffs may have incurred administrative expenses does not detract from the given fact that on September 18, 1989, said assessed taxes were not abated or paid. This is true even if the Service eventually recognizes the expenses as legitimate deductible estate expenses making plaintiffs eligible for abatement consideration of the assessed taxes. Since the taxes were not paid on the date suit was filed, the court has no jurisdiction over plaintiffs' complaint for a tax refund.[11]

---

**9.** Abatement of taxes is discretionary on the part of the Service. An abatement of taxes requires an affirmative act by the Service. Such an act is taken when the Service agrees that an assessment is erroneous or excessive. There has been no such agreement relative to those payment that plaintiffs now assert as claimed deductions. This is clear from the Certificate of Assessments and Payments, dated August 29, 1991 prepared by the Service and filed with the court. The mere filing of an amended return with the Service does not automatically result in an abatement of taxes. The court lacks jurisdiction to consider a claim that an amount should be abated. *Brahms v. United States,* 18 Cl.Ct. 471, 475 (1989).

**10.** As best can be determined from the materials before the court, it would appear that as of August 29, 1991, the balance due the Service from plaintiffs relative to the taxes assessed against them was $476,237.15.

**11.** Plaintiffs urged the court at oral argument to hold a hearing pursuant to the court's discretion to establish jurisdictional facts, on whether these deductions are appropriate to confer jurisdiction on the court. This would require the court to rule on the validity of the deductions. The court declines to do so, as it would encroach on the function of the Internal Revenue Service in this case.

Plaintiffs' motion for partial summary judgment seeks a judgment that, as a matter of law, the court has subject matter jurisdiction in this case. A ruling on jurisdiction, it is noted, is generally not sought by means of a motion for summary judgment. *See* 6, 6A J. Moore, *Moore's Federal Practice*, paras. 56.03 and 54.17[36] at 56–53 et seq. and 56–508 (2d ed.); *Indium Corp. of America v. Semi–Alloys, Inc.*, 781 F.2d 879, 883–884 (Fed.Cir.1985) (citing *Moore's*), *cert. denied*, 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986); *Prakash v. American University*, 727 F.2d 1174 (D.C.Cir.1984). Summary judgment is an adjudication on the merits of a claim presented. A ruling on a jurisdictional matter, in contrast, is not on the merits. If a case is dismissed for lack of jurisdiction, it is dismissed without prejudice. Jurisdictional matters are generally addressed in the context of motions under rule 12(b)(1). Defendant opposes plaintiffs partial summary judgment motion on a variety of other grounds.[12]

### CONCLUSION

For the foregoing reasons, the court finds that it lacks jurisdiction to consider plaintiffs' tax refund suit. Defendant's motion to dismiss (strike) plaintiffs' amendments to their complaint is granted and plaintiffs' partial motion for summary judgment is denied. Accordingly, the Clerk is directed to enter judgment dismissing plaintiffs' complaint without prejudice. No costs.

---

**12.** Defendant argues that the partial summary judgment motion is premature in that defendant has been deprived of a reasonable period of time to plead or otherwise respond to plaintiffs' amendments to its complaint, citing RUSCC 56(a) and *Local Union No. 490, Etc. v. Kirkhill*, 367 F.2d 956, 958 (9th Cir.1966); that the amendments to the complaint "are quintessentially factual in nature" and thus summary judgment is inappropriate; and that discovery is necessary to determine whether the deductions which are the subject of plaintiffs' amendment to their complaint are legitimate expenses of the estate. Plaintiffs respond that they are not seeking a ruling on the merits of these deduction claims by filing an amendment to their complaint but are merely attempting to establish jurisdiction by showing that at the time they filed their complaint, the estate "had fully paid all taxes that IRS claimed were due."